[Cite as *Rhea v. Federer*, 2014-Ohio-1979.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK   COUNTY

| | | |
|---|---|---|
| ELAINE RHEA, Trustee | : | |
| | : | Appellate Case No. 2013-CA-80 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 11-CV-1031 |
| v. | : | |
| | : | |
| JOHN FEDERER, Auditor, et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendants-Appellees | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 9th day of May, 2014.

. . . . . . . . . . .

GARY W. GOTTSCHLICH, Atty. Reg. #0003760, MARTINA M. DILLON, Atty. Reg. #0066942, and MICAH M. SIEGAL, Atty. Reg. #0085647, Gottschlich & Portune, LLP, 301 East Sixth Street, Dayton, Ohio 45402-2836
    Attorneys for Plaintiff-Appellant

D. ANDREW WILSON, Atty. Reg. #0073767, and ANDREW P. PICKERING, Atty. Reg. #0068770, Clark County Prosecutor's Office, 50 East Columbia Street, 4th Floor, Springfield, Ohio 45502
    Attorneys for Defendants-Appellants

. . . . . . . . . . . .

FAIN, J.

{¶ 1}   Plaintiff-appellant Elaine Rhea, as Trustee of the Virginia L. Kennedy Living

Trust, appeals from a summary judgment rendered in favor of defendant-appellee John Federer,

Auditor of Clark County. Rhea contends that the trial court erred in finding, as a matter of law, that the Kennedy Trust lacks standing to bring a declaratory judgment action challenging the validity of assessments made on real property on which the Trust has the first and best lien.

{¶ 2} We conclude that the trial court erred in finding that the Trust, as a matter of law, does not have standing to bring this declaratory judgment action. Accordingly, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.

**I. Tax Assessments Made to a 92-Acre Parcel Are**

**"Inadvertent" and Exceed the Value of the Parcel**

{¶ 3} In 2002, Virginia Kennedy, then Trustee of the Virginia L. Kennedy Living Trust, conveyed two parcels of land to Honey Creek Estates, LLC, in exchange for a mortgage on the parcels, with the Kennedy Trust as the mortgagee. One parcel of land consisted of 92 acres; the other consisted of 43 acres. Honey Creek Estates subsequently conveyed the parcels to Twin Creeks Subdivision, LLC.

{¶ 4} Twin Creeks began developing "Phase I" of a housing subdivision that was located to the south of the 43-acre parcel. In June 2003, Twin Creeks petitioned the City of New Carlisle to finance the cost of constructing a bridge and other improvements in order to assist with development of the property located immediately south of the 43-acre parcel. The plan was to have the City issue "Bond Anticipation Notes" that would later be replaced by the issuance of bonds, which would then be repaid by assessments levied on lots within Phase I and the 43-acre parcel.

{¶ 5}    It does not appear that either Twin Creeks or the City intended the 92-acre parcel to be assessed for the cost of improvements that did not benefit that parcel.   For example, Robert Bender, New Carlisle's City Manager at the time of these events, had discussions with the President of Twin Creeks relating to the 43-acre parcel.   Mr. Bender noted that the City of New Carlisle "never contemplated assessing the 92 Acre Parcel because the 92 Acre Parcel was not benefitted by the improvements being completed in Phase I, nor was it adjacent to or contiguous with these improvements."   Dkt. 32, Exhibit 2.

{¶ 6}    In July 2006, when construction of the improvements in Phase I was finished, the City passed an ordinance to levy "special assessments for the improvement in the Twin Creeks Subdivision of the city."   According to Rhea, the City then "inadvertently" assessed both the 92 and 43-acre parcels, "in part due to the fact that the 92 and 43 Acre Parcels share the same parcel identification number."   Brief, p. 6.

{¶ 7}    Twin Creeks ultimately defaulted on its obligation to the Kennedy Trust under the terms of the promissory note.   This default resulted in litigation to determine the priority of various liens on the 92-acre parcel.   In that litigation, the trial court determined that the Kennedy Trust holds the valid first and best lien on the 92-acre parcel.

{¶ 8}    When the Kennedy Trust attempted to execute upon its judgment against Twin Creeks, Rhea discovered the assessments that had been made by the City on the 92-acre parcel. According to Rhea, the assessments on the 92-acre parcel are well in excess of the parcel's fair market value, rendering the property "'underwater.'" *Id.*   Rhea purportedly made some attempts through the administrative process to remove the assessments from the 92-acre parcel, but these attempts failed.

## II. Course of the Proceedings

{¶ 9}   In October 2011, Elaine Rhea, as trustee for the Kennedy Trust, commenced an action in the Clark County Court of Common Pleas against the Auditor of Clark County, the City of New Carlisle, and Twin Creeks.   Rhea sought a declaratory judgment that the tax assessments were improperly placed on the 92-acre parcel.   Rhea also sought an order requiring the Auditor of Clark County to release the assessments from the parcel and issue the parcel a separate tax identification number.   The Auditor filed an answer, raising a number of affirmative defenses, including lack of standing.

{¶ 10}   Both Rhea and the Auditor moved for summary judgment on the complaint.   The Auditor contended that the Kennedy Trust lacked standing to assert its claims, because the Trust was nothing more than a mortgagee that was not in possession of the property at issue.   The trial court overruled Rhea's motion for summary judgment and rendered summary judgment in favor of the Auditor, based on Rhea's lack of standing.   From this judgment, Rhea appeals.

### III. The Trial Court Erred in Finding, as a Matter of Law, that the Kennedy Trust Lacks Standing to Bring this Declaratory Judgment Action

{¶ 11}   Rhea's sole assignment of error states:

THE TRIAL COURT ERRED IN DENYING A MORTGAGEE STANDING TO DETERMINE ITS RIGHTS RELATIVE TO PROPERTY ENCUMBERED BY ITS MORTGAGE WHEN THE TRIAL COURT HAD PREVIOUSLY FOUND MORTGAGEE TO HOLD THE "VALID FIRST AND BEST LIEN."

{¶ 12}   When reviewing a summary judgment, an appellate court conducts a de novo

review. *Village of Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). "De Novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine whether as a matter of law no genuine issues exist for trial." *Brewer v. Cleveland City Schools Bd. Of Edn.*, 122 Ohio App.3d 378, 383, 701 N.E.2d 1023 (8th Dist.1997), citing *Dupler v. Mansfield Journal Co.*, 64 Ohio St.2d 116, 413 N.E.2d 1187 (1980). Therefore, the trial court's decision is not granted any deference by the reviewing appellate court. *Brown v. Scioto Cty. Bd. Of Commrs.*, 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (4th Dist.1993).

{¶ 13} The issue before us is whether the Kennedy Trust lacked standing to pursue its declaratory judgment action. "To succeed in establishing standing, plaintiffs must show that they suffered (1) an injury that is (2) fairly traceable to the defendant's allegedly unlawful conduct, and (3) likely to be redressed by the requested relief." *Moore v. City of Middletown*, 133 Ohio St.3d 55, 2012-Ohio-3897, 975 N.E.2d 977, ¶ 22, citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). "These three factors—injury, causation, and redressability—constitute 'the irreducible constitutional minimum of standing.'" *Id.*, quoting *Lujan* at 560.

{¶ 14} The trial court determined that the Kennedy Trust lacked standing, finding, in part:

Plaintiff is not a mortgagee in possession of any part of the Subject Parcel; and Plaintiff, as a mere mortgagee, does not stand in the shoes of either the mortgagor, Honey Creek, or the title owner Twin Creeks. Therefore, Plaintiff does not have the requisite standing to receive the declaratory relief sought. The

County Auditor is entitled to summary judgment on the claim for declaratory judgment.

Plaintiff's second claim is for an injunction against the collection of the assessments placed on the northern 93 acres of the subject parcel. Plaintiff is neither an owner of the subject parcel nor a "taxpayer" on the subject parcel, THEREFORE, the Court finds, plaintiff lacks standing to pursue injunctive relief under R.C. Chapter 2723. The County Auditor is entitled to summary judgment on that count of the amended complaint. Dkt. 39.

{¶ 15} Rhea contends that the Kennedy Trust "has standing as a person impacted by a Municipal Ordinance and because the Kennedy Trust is a mortgagee in possession." Brief, p. 7. The Auditor contends, however, that the declaratory judgment statute does not confer standing on the Trust, and that the Trust is not a mortgagee in possession.

{¶ 16} R.C. 2721.03 governs declaratory judgment actions. This statute provides, in part:

Subject to division (B) of section 2721.02 of the Revised Code, any person interested under a deed, will, written contract, or other writing constituting a contract or any person whose rights, status, or other legal relations are affected by a constitutional provision, statute, rule as defined in section 119.01 of the Revised Code, municipal ordinance, township resolution, contract, or franchise may have determined any question of construction or validity arising under the instrument, constitutional provision, statute, rule, ordinance, resolution, contract, or franchise and obtain a declaration of rights, status, or other legal relations under

it.

{¶ 17} The language of R.C. 2721.03 is broad. The facts in this case, involving a mortgagee with a first and best lien on property subject to a mortgage in default, seeking a declaration regarding a municipal ordinance imposing a substantial assessment against that property, appear to fit well within the broad language of R.C. 2721.03. But the Auditor contends that "R.C. 2721.03 'is simply a mechanism through which an appropriate plaintiff may proceed, but the statute does not create the appropriate plaintiff. Plaintiffs must still possess standing to proceed under the declaratory judgment statute.'" Brief, p. 11, quoting *Aarti Hospitality, LLC v. City of Grove City*, 486 F.Supp.2d 696, 700 (S.D.Ohio 2007).

{¶ 18} In *Moore v. City of Middletown*, 133 Ohio St.3d 55, 2012-Ohio-3897, 975 N.E.2d 977, the Supreme Court of Ohio addressed a similar contention. The Court stated, at ¶ 46-48:

> [W]e observe that "[a] primary purpose of the declaratory-judgment action is to serve the useful end of disposing of uncertain or disputed obligations quickly and conclusively." *Ohio Farmers Indemn. Co. v. Chames*, 170 Ohio St. 209, 213, 163 N.E.2d 367 (1959). It is in the interest of all parties, as well as the public, that zoning decisions are resolved as expeditiously as possible.
>
> Second, and judges are cautioned to remember, standing is not a technical rule intended to keep aggrieved parties out of court. " 'Rather, it is a practical concept designed to insure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously

represented.' " *Fort Trumbull Conservancy, L.L.C. v. Alves*, 262 Conn. 480, 486, 815 A.2d 1188 (2003), quoting *Maloney v. Pac*, 183 Conn. 313, 320, 439 A.2d 349 (1981). Here, we cannot say that those principles were honored.

The court of appeals in this case asserted that R.C. 2721.03 merely represents a legislative grant of jurisdiction to Ohio courts to hear declaratory judgment actions and that the statute does not answer the separate question of whether the plaintiff has standing to sue. Although it is true that R.C. Chapter 2721 is the legislative source of a cause of action for declaratory relief, we do not necessarily agree that the statute does not confer standing. Indeed, standing can be created by legislation. *Middletown v. Ferguson*, 25 Ohio St.3d 71, 75, 495 N.E.2d 380 (1986). But aside from whether the statute itself confers standing, our cases make clear that we are generous in considering whether a party has standing.

{¶ 19} Although the facts in *Moore* involved a zoning dispute, we conclude that the principles of standing discussed therein are equally applicable to the present case. Based on a review of the particular record before us, we conclude that the Kennedy Trust has alleged an injury by the Auditor's conduct and that this injury is likely to be redressed by the relief requested in the complaint. The facts before us involve a mortgage that has been declared the first and best lien on a property that allegedly was inadvertently taxed to the point of making the property virtually worthless. Based on the particular record before us, we conclude that the Trust has met the constitutional minimum of standing. *Moore* at ¶ 22.

{¶ 20} The Trust seeks further relief, requesting that we not only reverse the decision of

the trial court, but also, in accordance with App.R. 12(B), "render a judgment declaring that the assessments were improperly placed on the 92 Acre Parcel, and requiring the Auditor to release the assessments from the parcel and issue said parcel a separate tax identification number."   We conclude that it is premature to consider modifying the trial court's judgment in this way.   The trial court has not yet had an opportunity to address the merits of the Trust's claims or the other affirmative defenses raised by the Auditor.   Therefore, we decline to grant the further relief requested by the Trust.

{¶ 21}   The sole assignment of error is sustained.


## IV. Conclusion

{¶ 22}   The sole assignment of error having been sustained, the judgment of the trial court is Reversed, and the cause is Remanded for further proceedings consistent with this opinion.

. . . . . . . . . . . . .

FROELICH, P.J., and HALL, J., concur.


Copies mailed to:

Gary W. Gottschlich
Martina M. Dillon
Micah M. Siegal
D. Andrew Wilson
Andrew P. Pickering
Hon. Douglas M. Rastatter