[Cite as *BK Builders, Ltd. v. E. Ohio Gas*, 2014-Ohio-3850.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| BK BUILDERS, LTD., ET AL. | : | JUDGES: | |
| | : | | |
| | : | Hon. W. Scott Gwin, P.J. | |
| Plaintiffs - Appellants | : | Hon. Patricia A. Delaney, J. | |
| | : | Hon. Craig R. Baldwin, J. | |
| | : | | |
| -vs- | : | | |
| | : | | |
| THE EAST OHIO GAS COMPANY, ETC., | : | Case No. 2013CA00210 | |
| | : | | |
| | : | | |
| Defendant - Appellee | : | O P I N I O N | |

CHARACTER OF PROCEEDING:      Appeal from the Stark County Court
                              of Common Pleas, Case No. 2012
                              CV 01971


JUDGMENT:                     Affirmed in Part; Reversed and
                              Remanded in Part


DATE OF JUDGMENT:             September 2, 2014


APPEARANCES:

For Plaintiffs-Appellants                 For Defendant-Appellee

ROBERT J. TSCHOLL                         MICHAEL L. SNYDER
400 South Main Street                     JEROME W. COOK
North Canton, OH 44720                    R. JEFFREY POLLOCK
                                          ERIN W. CICARELLA
JAMES F. MATHEWS                          McDonald Hopkins LLC
GREGORY A. BECK                           600 Superior Avenue, E (Ste 2100)
Baker, Dublikar, Beck, Wiley & Mathews    Cleveland, OH 44114
400 South Main Street
North Canton, OH 44720

*Baldwin, J.*

{¶1}    Plaintiffs-appellants BK Builders, Ltd. and Terry R. Renner, Trustee of the Terry R. Renner Revocable Trust appeal from  the September 27, 2013 Judgment Entry of the Stark County Court of Common Pleas granting summary judgment in favor of defendant-appellee The East Ohio Gas Company dba Dominion East Ohio .

### STATEMENT OF THE CASE

{¶2}    On June 20, 2012, appellants filed a class action complaint for declaratory judgment, quiet title, equitable and injunctive relief against appellee The East Ohio Company, dba Dominion East Ohio Gas. The complaint challenged the validity and enforceability of appellee's rights to an extensive underground natural gas storage reservoir.  Appellants sought a declaratory judgment regarding the parties' respective rights under oil and gas leases and supplemental gas storage agreements. Appellants, in their complaint, alleged that they were representatives of a class of landowners possessing oil and gas rights inland overlaying the entire natural gas storage reservoir. Appellee filed an answer to the complaint on September 4, 2012.

{¶3}    On December 20, 2012, appellants filed a notice of voluntary dismissal of their class action claims. The trial court, in its December 20, 2012 Order approving the voluntary partial dismissal, ordered that appellants file an amended complaint limited to the individual claims of appellants BK and Terry R. Renner, Trustee or any Successor Trustee of the Terry R. Renner Revocable Trust and that the amended complaint "shall not assert any new or additional claims, counts or parties."

{¶4}    Thereafter, on January 11, 2013, appellants filed a First Amended Complaint. Appellee filed an answer to the same on January 25, 2013.

{¶5}    Both appellants and appellee filed separate Motions for Summary Judgment on February 15, 2013 and also filed stipulations. After the briefing was concluded, the trial court held an oral hearing on June 13, 2013.

{¶6}    Pursuant to a Judgment Entry filed on September 27, 2013, the trial court granted summary judgment in favor of appellee and overruled appellants' Motion for Summary Judgment. The trial court, in its Judgment Entry, held that appellants did not have standing to bring their action and that, therefore, the claims that they presented in their First Amended Complaint failed as a matter of law.

STATEMENT OF THE FACTS

{¶7}    As an initial matter, it is important to outline the parties' respective interests.

HOW APPELLEE OBTAINED ITS INTEREST IN THE OIL AND GAS RIGHTS

{¶8}    In 1927, Mary A. Killinger and Libbie M. Litchtenwalter granted an oil and gas lease to Wittmer Oil & Gas Properties of Pittsburgh, Pa. over a 160 acre tract of land. This lease, which was known as the "Killinger Lease" was assigned by Wittmer Oil & Gas to Penn-Ohio Gas Company by assignment recorded on January 14, 1929. In turn, Penn-Ohio Gas Company assigned the Killinger Lease to Dominion in February of 1931.

{¶9}    In May of 1982, Joseph A. Michaels and Greta M. Michaels granted a Supplemental Gas Storage Agreement to Dominion relating to 66.77 acres of land that they had acquired from North Lake Snyder that was part of the original 160 acre tract encumbered by the Killinger Lease.

SEVERANCE OF THE SURFACE AND SUBSURFACE RIGHTS WITH

RESPECT TO THE 160 ACRES

{¶10}   In 1932, Mary A. Killinger and Libbie M. Litchtenwalter granted an oil and gas deed to A.B. McFarland, trustee,  conveying "one half of all the oil and gas and or their constituents  (subject only to an oil and gas lease now held by The East Ohio Gas Company)" underlying their 160 acre tract of land. No acreage was conveyed by them. On June 22, 1944, Libbie Houglan (formerly Litchtenwalter), who survived Mary Killinger and received all of the remaining interest in the 160 acres, transferred the surface rights to all 160 acres of land and the entire remaining one-half interest in all of the subsurface oil and gas estate underlying the 160 acres, along with her rights as the lessor under the Killinger Lease, to Earl S. Jones.

{¶11}   Subsequently, pursuant to a warranty deed recorded on July 21, 1945, Earl S. Jones and Mary L. Jones transferred a 66.77 acre tract of land out of the larger 160 acres to North Lake Snyder. Only the surface estate was transferred.  The warranty deed  stated, in relevant part, as follows: "Reserving however, all mineral, gas and oil right in said premises to the Grantors herein [Earl and  Mary Jones] and A. B. McFarland and The  East Ohio Gas Company, together with rights of way over said premises as means of ingress and egress to and from oil and gas wells. Also reserving right to Grantors herein to maintain a pipe line over the premises herein conveyed."

{¶12}   In July of 1945, Earl and Mary Jones conveyed 9.01 acres to Paul and Mildred Anushock. The Jones conveyed to the Anushocks  "all of my right, title and interest in and to the gas and oil rights underlying premises conveyed to my (sic) by Libbie Houghlan, formerly Libbie Litchtenwalter,  in deed dated April 8, 1944…."  Thus,

the Anushocks received the remaining one-half interest in all of the subsurface oil and gas rights underlying the original 160 acres tract.

STATEMENT OF THE FACTS RELEVANT AS TO THE TRUST'S INTEREST

{¶13} On October 5, 1999, the Terry R. Renner Revocable Trust (the "Trust") was created with Terry R. Renner as the Trustee. Via a general warranty deed recorded on November 24, 1999, Terry R. Renner transferred four parcels of land to the Trust. Two of the four parcels (parcels 16-12906 and 16-23044) are the real estate by which Renner claims ownership of the subsurface oil and gas rights at issue in this matter. The property is located within the North Canton Oil Storage Field operated by Dominion.

{¶14} On October 9, 2012, Terry R. Renner and his wife, Tammy L. Renner, created the Terry R. Renner and Tammy L. Renner Revocable Trust (the "Tammy Trust") and were designated the settlers and trustees of such trust. Pursuant to a warranty deed recorded on October 17, 2012, the Trust conveyed all right, title and interest in all of the real estate that it owned to the Tammy Trust, including the above parcels.

STATEMENT OF FACTS RELEVANT TO BK'S INTEREST

{¶15} On January 3, 1947, North Lake Snyder, who had acquired the surface estate to 66.77 acres from Earl S. Jones and Mary L. Jones, conveyed the 66.77 surface estate to Joseph and Greta Michaels via warranty deed. The warranty deed excepted "all mineral, gas and oil rights and subject to the right to maintain a pipe line over said premises, and a right of way as means of ingress and egress to and from oil or gas wells, which has heretofore been conveyed and granted as appears of record." Thereafter, in 2003, Michael E. Michaels, Successor Trustee under the Joseph and

Greta Michaels Living Trust dated July 15, 1992, conveyed 26.691 acres to Jonas E. Troyer and conveyed 34.750 acres to Kuntz Properties, Inc. via separate Deeds of Executor. An additional 5.299 acres was conveyed to Riley/Schley.

{¶16}  The deeds stated, in relevant part, as follows:

{¶17}  "SUBJECT TO:  Gas Storage Agreement to East Ohio Gas Company recorded in Volume 23, Page 862, Reservation of all mineral, gas and oil rights and right to maintain pipe line and ingress and egress to wells recorded in Volume 1500, page 170 and Volume 1623, page 486; Oil and Gas Lease to Whittmer Oil and Gas Properties recorded in Lease Volume 36, Page 166 and re-recorded in Lease Volume 44, Page 611, Oil and Gas Deed to A.B. McFarland recorded in Volume 1084, page 143 [McFarland Deed]; Easement for Highway Purposes to The Board of Stark County Commissioner recorded in Volume 1241, page 469; Right of Way to The East Ohio Gas Company recorded in Volume 1013, page 264; Reservation of Oil and Gas recorded in Deed Volume 1447, page 163; of the Stark County Records."

{¶18}  Pursuant to a warranty deed recorded on August 26, 2003, Jonas E. Troyer conveyed 26.691 acres to Kuntz Properties, Inc. The warranty deed contained the same language as the above Deeds of Executor. Finally, Kuntz transferred title  to its total 61.441 acres to its affiliate, appellant BK in 2004.

{¶19}  Appellants now appeal from the trial court's September 27, 2013 Judgment Entry, raising the following assignments of error on appeal:

{¶20}  THE TRIAL COURT ERROR (SIC) WHEN IT GRANTED SUMMARY JUDGMENT IN FAVOR OF THE APPELLEE, UPON THE ERRONEOUS PREMISE THAT THE APPELLANT RENNER LACKED STANDING TO PURSUE

DECLARATORY RELIEF REGARDING INSTRUMENTS AFFECTING APPELLANT'S PROPERTIES.

{¶21}  THE TRIAL COURT ERROR (SIC) WHEN IT GRANTED SUMMARY JUDGMENT IN FAVOR OF THE APPELLEE, UPON THE ERRONEOUS PREMISE THAT THE APPELLANT BK BUILDERS LACKED STANDING TO PURSUE DECLARATORY RELIEF REGARDING INSTRUMENTS AFFECTING APPELLANT'S PROPERTIES.

STANDARD OF REVIEW

{¶22}  Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56, which was reaffirmed by the Ohio Supreme Court in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St .3d 447, 448, 1996–Ohio-211, 663 N.E.2d 639:

{¶23}  "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 1997-Ohio-172, 628 N.E.2d 1377,  citing *Temple v. Wean United, Inc.,* 50 Ohio St.2d 317, 327, 472, 364 N.E.2d 267, 274 (1977).

{¶24}  As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgment motions on the same

standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35, 36, 56 N.E.2d 212 (1987).

{¶25}   It is pursuant to this standard that we review appellants' assignments of error.

I

{¶26}   Appellants, in their first assignment of error, argue that the trial court erred in granting summary judgment in favor of appellee on the basis that appellant Renner lacked standing. The trial court, in its Judgment Entry, found that appellant Renner "no longer owns the property at interest and, as such, …. does not have standing to bring this action."

{¶27}   Whether a party has established standing to bring an action before the court is a question of law, which we review de novo. *Cuyahoga Cty. Bd. of Commrs. v. Ohio,* 112 Ohio St.3d 59, 2006–Ohio–6499, 858 N.E.2d 330, ¶ 23.

{¶28}   Standing is defined as "[a] party's right to make a legal claim or seek judicial enforcement of a duty or right." *Ohio Pyro, Inc. v. Ohio Dept. of Commerce,* 115 Ohio St.3d 375, 2007-Ohio- 5024, 875 N.E.2d 550 at paragraph 27, quoting Black's Law Dictionary (8th Ed.2004). Standing depends on "whether the party has alleged such a personal stake in the outcome of the controversy* * * as to ensure that the dispute sought to be adjudicated will be presented in an adversary context and in a form historically viewed as capable of judicial resolution." *Id.,* quoting *State ex rel. Dallman v. Franklin Cty. Court of Common Pleas,* 35 Ohio St.2d 176, 178–179, 298 N.E.2d 515 (1973). The Ohio Supreme Court has recently explained that standing is required to invoke the jurisdiction of the trial court, and that, therefore, it is determined as of the

filing of the complaint. *Fed. Home Loan Mortgage Corp. v. Schwartzwald,* 134 Ohio St.3d 13, 2012–Ohio–5017, 979 N.E.2d 1214, ¶ 3. The Court in *Schwartzwald* also found that a lack of standing cannot be cured by "post-filing events" that supply standing. *Id.* at ¶ 26. Moreover, a lack of standing "cannot be cured by receipt of an assignment of the claim or by substitution of the real party in interest." *Id.* at ¶ 41.

{¶29} In the case sub judice, there is no dispute that appellant Renner had standing at the time the original complaint was filed on June 20, 2012. As is stated above, on October 5, 1999, the Terry R. Renner Revocable Trust (the "Trust") was created with Terry R. Renner as the Trustee. In 1999, Terry R. Renner transferred four parcels of land to the Trust. Two of the four parcels (parcels 16-12906 and 16-23044) are the real estate by which Renner claims ownership of the subsurface oil and gas rights at issue in this matter.

{¶30} However, on October 17, 2012, appellant Renner conveyed all right, title and interest in all of the real estate that the Trust owned to the Tammy Trust, including the above two parcels. Thereafter, on January 11, 2013, after such transfer, appellants BK Builders, Ltd. and Terry R. Renner, Trustee of the Terry R. Renner Revocable Trust filed a First Amended Complaint. At the time the amended complaint was filed, the Trust did not own the parcels at issue.

{¶31} We note that an amended complaint substitutes for or replaces the original pleading. *Steiner v. Steiner,* 85 Ohio App.3d 513, 519, 620 N.E.2d 152 (4th Dist. 1993). An amended complaint "takes the place of the original, which is then totally abandoned." *Harris v. Ohio Edison Co.,* 7th Dist. Mahoning No. 91 C.A. 108, 1992 WL 188511 (Aug. 3, 1992).

{¶32}   We concur with the trial court that appellant Renner lacked standing at the time the First Amended Complaint was filed on January 11, 2013 because, at such time, the Trust no longer owned the parcels. Rather, at such time, the Tammy Trust, which was not a successor, was the owner of the parcels. Appellants made no effort to substitute the Tammy Trust for appellant Trust as a new party plaintiff.[1]

{¶33}   Appellants' first assignment of error is, therefore, overruled.

II

{¶34}   Appellants, in their second assignment of error, argue that the trial court erred when it granted summary judgment in favor of appellee on the basis that appellant BK Builders lacked standing. We agree.

{¶35}   As an initial matter, we note that we agree with appellant BK that there was no necessity to plead the Marketable Title Act as a claim in this case. Ohio's Marketable Title Act, R.C. 5301.47 to 5301.56,  became law nearly fifty years ago as a means of simplifying land title transactions by allowing persons to rely on a record chain of title as set forth in the pertinent statutes and by eliminating "ancient interests" which operate to cloud otherwise clear titles. See *Semachko v. Hopko*, 35 Ohio App.2d 205, 209, 301 N.E.2d 560 (8th Dist. 1973); *Carlson v. Koch,* 7th Dist. Nos. 36497, 36498, 1978 WL 217670 (Jan. 19, 1978). The Act functions as "a 40-year statute of limitations for bringing claims against a title of record." *Collins v. Moran,* Mahoning App.No. 02 CA 218, 2004-Ohio-1381, ¶ 20. R.C. 5301.55 states that the Act "shall be liberally construed to effect the legislative purpose of simplifying and facilitating land title transactions * * *."

---

[1] Appellee argues that any request to substitute the Tammy Trust as a new party plaintiff would have been properly denied by the trial court because the trial court's December 20, 2012 Order prohibited the addition of any parties.  Based on our resolution of the first assignment of error, we do not need to reach such issue.

{¶36}    As noted by appellant BK, "BK Builders never asserted that it sought any declaration under the Marketable Title  Act as to the appellee Dominion. Rather, BK Builders only relied upon its Marketable Record Title to demonstrate its standing, or stake in the outcome, of this declaratory judgment action."  Appellant BK raised the Marketable Title Act in its response to appellee's Motion for Summary Judgment and, therefore, the matter was properly before the trial court.

{¶37}    Appellant BK, in its complaint and amended complaint, sought declaratory relief. It asserted that it was the title owner of portions of specified real estate and that it "possess[ed] correlative right to recover and receive the oil and gas in and under their tracts of land."

{¶38}    "To succeed in establishing standing, plaintiffs must show that they suffered (1) an injury that is (2) fairly traceable to the defendant's allegedly unlawful conduct, and (3) likely to be redressed by the requested relief." *Moore v. City of Middletown,* 133 Ohio St.3d 55, 2012–Ohio–3897, 975 N.E.2d 977, ¶ 22, citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

{¶39}    In the recent case of *Rhea v. Federer*, 2nd Dist Clark  No. 2013–CA–80, 2014 -Ohio- 1979, the Court stated, in relevant part, as follows: " The language of R.C. 2721.03 [the declaratory relief statute] is broad…

{¶40}    "In *Moore v. City of Middletown,* 133 Ohio St.3d 55, 2012–Ohio–3897, 975 N.E.2d 977, the Supreme Court of Ohio addressed a similar contention. The Court stated, at ¶ 46–48:…

{¶41}    '[J]udges are cautioned to remember, standing is not a technical rule intended to keep aggrieved parties out of court. " 'Rather, it is a practical concept

designed to insure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented.' (Citations omitted).

{¶42} "... Although it is true that R.C. Chapter 2721 is the legislative source of a cause of action for declaratory relief, we do not necessarily agree that the statute does not confer standing. Indeed, standing can be created by legislation. *Middletown v. Ferguson,* 25 Ohio St.3d 71, 75, 495 N.E.2d 380 (1986). But aside from whether the statute itself confers standing, our cases make clear that we are generous in considering whether a party has standing." Id at paragraphs 17- 18.

{¶43} Appellee, in its Motion for Summary Judgment, argued that appellant BK lacked standing because it did not have an ownership interest in subsurface oil and gas underlying the parcels that are at issue in this case. Appellee argued that there was a separation of the surface state from the subsurface mineral, oil and gas rights. Appellee noted that appellant BK's chain of title was rooted in the warranty deed recorded on July 21, 1945 that conveyed 66.77 acres from Earl Jones to North Lake Snyder and that such deed stated, in relevant part, as follows: "Reserving however, all mineral, gas and oil right in said premised to the Grantors herein [Earl and  Mary Jones] and A. B. McFarland and The  East Ohio Gas Company, together with rights of way over said premises as means of ingress and egress to and from oil and gas wells. Also reserving right to Grantors herein to maintain a pipe line over the premised herein conveyed."

{¶44} Appellee, in its motion, also noted that the later transfer, on January 3, 1947, of the 66.77 surface estate from North Lake Snyder to Joseph and Greta

Michaels specifically excepted from the conveyance "all mineral, gas and oil rights and subject to the right to maintain a pipe line over said premises, and a right of way as means of ingress and egress to and from oil or gas wells, which has heretofore been conveyed and grated as appears of record." According to appellee in its motion, "[a]fter this transfer, all subsequent transfers that resulted in 61.441 of these 66.77 acres being owned by Kuntz Properties, Inc. contained identical and exacting recitation of the historical mineral, oil and gas reservations that reduced the 66.77 acres to a surface estate."

{¶45} In turn, in appellants' response to appellee's Motion for Summary Judgment, appellant BK argued that it had acquired its interests in the real property through Joseph A. Michaels and Greta M. Michaels and that "the previously severed oil and gas interest referenced by [appellee] (created in 1932 and 1945), merged with the title held by the Michaels, pursuant to the Ohio Marketable Title Act."

{¶46} The parties, in support of their arguments, cite to numerous documents and different statutes and/or versions of statutes in support of their arguments that the Marketable Title Act either does, or does not, create an ownership interest in the subsurface rights with respect to appellant BK. The trial court, and also appellee, referenced R.C. 5301.56 (the Dormant Mineral Act), which concerns abandonment of mineral interests. In turn, appellant BK argued in its brief that it "did not assert a basis for standing under the Dormant Mineral Act." Rather, appellant BK cited to R.C. 5301.47 through 5301-50 in arguing that the Michaels' marketable record title operated to "extinguish" the previously severed oil and gas interests.

{¶47}   Based on the state of the record before this Court, we find that there is a disputed issue as to whether or not the Marketable Act created an ownership interest in appellant BK with respect to the subsurface rights.  We find it necessary to remand this matter to the trial court to determine which provisions in the Marketable Title Act, if any, apply.

{¶48}   Based on the foregoing, we find that the trial court erred in granting summary judgment in favor of appellee with respect to appellant BK.

{¶49}   Appellants' second assignment of error is, therefore, sustained.

{¶50} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed in part and reversed in part. This matter is remanded in part for proceedings consistent with this Opinion.

By: Baldwin, J.

Gwin, P.J. and

Delaney, J. concur.