65 F.3d 169
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bobby Wayne RAINER, et al., Plaintiffs-Appellants,
v.
WESTINGHOUSE ELECTRIC CORPORATION; Tennessee Valley
Authority, Defendants-Appellees.
 No. 94-5642.
 United States Court of Appeals, Sixth Circuit.
 Aug. 28, 1995.
 
 Before: KEITH and BATCHELDER, Circuit Judges, and ROSEN, District Judge.*
 BATCHELDER, Circuit Judge.
 
 
 1
 Plaintiffs appeal the district court's order granting the defendants' motions to dismiss and denying plaintiffs' motion for leave to file an amended complaint. For the reasons that follow, we affirm.
 
 I.
 
 2
 The plaintiffs are seventy individuals who were employed by defendant Westinghouse Electric Corporation ("Westinghouse") to overhaul four gas-fired turbine engines at the steam plant of defendant Tennessee Valley Authority ("TVA"). The engines were originally manufactured by Westinghouse for TVA in the early 1970s, and pursuant to the parties' contract, Westinghouse was hired as an independent contractor to perform the overhaul work. The plaintiffs claim that TVA and Westinghouse intentionally exposed them to asbestos, which was disturbed during their work on the turbines. The plaintiffs filed this action against both Westinghouse and TVA for fraud, misrepresentation, and unjust enrichment with an additional count of negligent misrepresentation against TVA. They seek "compensatory damages from defendants, jointly and severally, for exposure to asbestos and hazardous substances and for emotional harm," and "punitive damages in sufficient amount to deter Westinghouse and TVA from replicating their egregious conduct."
 
 
 3
 The district court found that TVA, as the employer of the independent contractor Westinghouse, retained no control or authority over the day-to-day work and that TVA was not liable for any injuries sustained by the employees of its independent contractor. The court therefore granted TVA's motion to dismiss, or in the alternative, for summary judgment. The district court also granted Westinghouse's motion to dismiss the plaintiffs' complaint on grounds that it failed to state a claim upon which relief could be granted, because Tennessee's Workers' Compensation Law precludes employees from suing their employer at common law and the plaintiffs' claim did not fall within the intentional tort exception to the statute. After reviewing the allegations contained in the plaintiffs' initial complaint, their amended complaint, and their proposed second amended complaint, the district court denied the plaintiffs' motion to amend because of their failure and apparent inability to allege that Westinghouse actually intended to injure them. This timely appeal followed.
 
 II.
 
 4
 We review de novo the district court's decisions granting TVA's motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), or in the alternative, for summary judgment under Fed.R.Civ.P. 56, Pinney Dock & Transport Corp. v. Penn Cent. Corp., 838 F.2d 1445, 1472 (6th Cir.), cert. denied, 488 U.S. 880 (1988), Westinghouse's Rule 12(b)(6) motion to dismiss, Miller v. Currie, 50 F.3d 373, 377 (6th Cir.1995), and the district court's determination of state law, Salve Regina College v. Russell, 499 U.S. 225, 231 (1991). Summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. When reviewing a motion to dismiss or a motion for summary judgment, the court does not weigh the evidence. Instead, the court accepts all of the allegations in the plaintiff's complaint as true and views the evidence in the light most favorable to the party against whom the motion is made. Mertik v. Blalock, 983 F.2d 1353, 1356 (6th Cir.1993).
 
 
 5
 Leave to amend the complaint is to be freely given when justice so requires. Fed.R.Civ.P. 15(a). Generally, the court's decision granting or denying the plaintiffs' motion for leave to amend the complaint is subject to reversal only for an abuse of discretion. See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971); Hoover v. Langston Equipment Assocs., 958 F.2d 742, 745 (6th Cir.1992). However, in cases such as this, where the district court's denial of the plaintiffs' motion for leave to amend can fairly be read to have been based on a determination that the amended complaint suffered from the same defects as the earlier complaints and thus would not withstand a motion to dismiss, the denial is a legal question that is reviewed de novo. LRL Properties v. Portage Metro Housing Authority, 55 F.3d 1097, 1104 (6th Cir.1995); Keweenaw Bay Indian Community v. State, 11 F.3d 1341 (6th Cir.1993).
 
 
 6
 The plaintiffs claim that the district court erred in granting TVA's motion to dismiss or, in the alternative, for summary judgment. Plaintiffs argue that TVA, as landowner, had a non-delegable duty to warn them of the dangers inherent in performing the renovation work on the turbines; alternatively, the plaintiffs argue that TVA negligently failed to insure that all the asbestos was removed, thus violating a duty of care that TVA assumed when it stopped work on the renovation project in order to permit removal of the asbestos. TVA contends that it delegated to Westinghouse the responsibility for the safety of the contractor's employees and that the district court correctly found that TVA cannot be liable for injury to the plaintiffs in this case. Because the district court, in ruling on this motion, examined not only the complaint but the contract between TVA and Westinghouse, we review the court's ruling as a grant of summary judgment.
 
 
 7
 The plaintiffs contend further that the district court erred in holding that they could not state a claim against Westinghouse. The plaintiffs claim that the facts pled in their complaint were sufficient to bring them within the exception to the exclusivity provision in Tennessee's Worker's Compensation Law. Our de novo review of this case leads us to conclude that we have nothing to add to the district court's thorough and well-reasoned opinion, except to say that since that order was entered, the Tennessee Court of Appeals has again ruled, citing inter alia, Coffey v. Foamex L.P., 2 F.3d 157 (6th Cir.1993), that in order to withstand a motion to dismiss for failure to state a claim of intentional tort sufficient to fall within the exception to the Workers' Compensation Law's exclusivity provision, a plaintiff must allege actual intent to injure the plaintiff. Coltraine v. Fluor Daniel Facility Services Co., No. CV-00419, 1994 WL 279964 (Tenn.Ct.App., Jun. 22, 1994). In Coltraine, the Tennessee Court of Appeals held that an allegation of intentional and knowing exposure to asbestos is not an allegation of intent to cause a harmful result and is not sufficient to state a claim against an employer under Tennessee law. Id.at * 4.
 
 
 8
 We find no error in the district court's analysis of Tennessee law, either in regard to the exception to the exclusivity provision of Tennessee's Workers' Compensation law, or in regard to the liability of the employer of an independent contractor to employees of the contractor.[1] The district court properly concluded that there were no genuine issues of disputed fact material to the plaintiffs' claims against TVA, and that judgment in favor of TVA was appropriate as a matter of law. Similarly, the district court properly concluded that the complaint did not state any claim against Westinghouse, and that plaintiffs' attempts to amend were futile.
 
 III.
 
 9
 For the reasons stated in the opinion of the district court, the judgment is AFFIRMED.
 
 
 
 *
 The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 We are not concerned by the district court's failure to address Hutchison v. Teeter, 687 S.W.2d 286 (Tenn.1985), in regard to TVA's motion for summary judgment. In that case, the Tennessee Supreme Court held that in the absence of any evidence that the landowner had turned over control of the premises to the independent contractor, it was error for the trial court to have instructed the jury that the landowner would not have had any liability for injury to the employees of an independent contractor if the landowner had turned over to the independent contractor control of the premises. We decline to read that case as standing for the affirmative proposition that the landowner who does turn over control to the independent contractor remains liable for injury to the employees of the contractor