DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Toledo Municipal Court, granting appellee's Civ.R. 12(C) motion for judgment on the pleadings. For the reasons set forth below, this court affirms the judgment of the trial court.
 {¶ 2} Appellant, Gregory J. Amrhein, sets forth the following sole assignment of error:
 {¶ 3} "The trial court committed reversible error when it granted the motion for judgment on the pleadings."
 {¶ 4} The following undisputed facts are relevant to the issue raised on appeal. On September 21, 2004, appellant was stopped in the village Ottawa Hills ("village") for committing a traffic violation. Appellant was issued a traffic citation. In the course of issuing the citation to appellant, a routine records check was conducted. The computerized records check showed an outstanding warrant for appellant's arrest. Appellant was delayed for several hours while the Ottawa Hills Police Department further investigated the status of the warrant.
 {¶ 5} Police Department personnel discovered after several hours of investigation that the warrant for appellant's arrest was no longer active or current. The warrant had been withdrawn by the issuing court, but not purged from the computerized record system. The outdated warrant did not originate or have any connection to the village. Appellant was detained for a few hours while the status of the warrant was verified, and released upon discovery that the warrant had been withdrawn but not purged from the computer database.
 {¶ 6} On July 21, 2005, appellant filed a complaint against Lucas County Sheriff James Telb, alleging negligence in failing to remove the withdrawn warrant from the data base of active warrants. On August 10, 2005, appellee filed an answer asserting affirmative defenses including statutory immunity and a failure to state a claim upon which relief can be granted.
 {¶ 7} On September 15, 2005, appellee filed a Civ.R. 12(C) motion for judgment on the pleadings. In response, appellant filed a motion for leave to amend his complaint. On December 27, 2005, appellant filed an amended complaint. The amended complaint was identical to the original complaint except for the verbatim insertion of the general statutory language of R.C. 2744.03(A)(6) outlining three exceptions to the statutory immunity. The amended complaint included no specific factual allegations of purported misconduct.
 {¶ 8} On January 3, 2006, appellee filed an answer to the amended complaint. On January 20, 2006, appellee filed a second motion pursuant to Civ.R. 12(C) motion for judgment on the pleadings. On March 30, 2006, the trial court granted appellee's motion for judgment on the pleadings. On May 25, 2006, appellant filed a notice of appeal.
 {¶ 9} In his single assignment of error, appellant asserts that the trial court committed reversible error in granting appellee's motion for judgment on the pleadings. In support, appellant argues that the trial court judgment was "patently unfair" because it denied appellant an opportunity to conduct discovery which could have revealed sufficient facts in support of the complaint.
 {¶ 10} It is well established that a trial court's approach in reviewing a Civ.R. 12(C) motion for judgment on the pleadings is substantively analogous to the approach taken on Civ.R. 12(B)(6) motion for failure to state a claim upon which relief may be granted. The same standard of review is applied equally to both types of motions. McMullian v. Borean, 6th Dist. Nos. OT-05-037, 040, 2006-Ohio-3867, at ¶ 7.
 {¶ 11} The standard a trial court must employ in determining the propriety of such a motion is the sufficiency of the complaint as written. Courts must be constrained to examining the face of the complaint itself and may not consider any matters beyond the complaint. The court must review the content of the complaint, presume all assertions set forth are true, and conclude whether or not it is clear beyond a doubt there is no set of facts from the complaint entitling plaintiff to recovery.State ex rel. Fuqua v. Alexander (1997), 79 Ohio St.3d 206, 207.
 {¶ 12} The proper appellate standard of review of a trial court Civ.R. 12 (C) determination is de novo. McMullian at ¶ 8. We have carefully examined the record in this case, with particular scrutiny paid to the exact language of the amended complaint. It is the propriety of the trial court's Civ.R. 12(C) dismissal of the amended complaint which is being appealed. Thus, we focus our analysis accordingly.
 {¶ 13} R.C. 311.05 establishes the limited liability and qualified immunity of appellee. R.C. 311.05 unambiguously states, "The sheriff shall only be responsible for the neglect of duty or misconduct in office of any of his deputies if he orders, has prior knowledge of, participates in, acts in reckless disregard of, or ratifies the neglect of duty or misconduct in office of the deputies."
 {¶ 14} In conjunction with this provision, we simultaneously examine the government employee statutory immunity exceptions set forth in R.C. 2744.03(A)(6)(a)-(c). These statutory provisions enumerate three scenarios in which government employees may be stripped of immunity so as to be held personally liable. The three exceptions under which personal liability may be imposed are as follows; 1) the employee's actions or omissions were manifestly outside the scope of employment, 2) the employee's actions or omissions were done in bad faith, maliciously, or in a wanton reckless matter, or 3) liability is expressly imposed upon the employee pursuant to the Ohio Revised Code.
 {¶ 15} Our review of appellant's amended complaint, analyzed in conjunction with the above statutory immunity and liability provisions relevant to appellee, shows there were no facts alleged in the amended complaint which could conceivably be construed as entitling appellant to recover from appellee.
 {¶ 16} The amended complaint consists of nothing more than unilateral legal conclusions framed as allegations. The amended complaint is devoid of factual allegations of recoverable conduct. The appellant simply presents the outcome itself as evidence of malfeasance. That does not suffice to survive a Civ.R. 12 (C) motion. Appellant's assignment of error is found not well taken.
 {¶ 17} On consideration whereof, the judgment of the Toledo Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Pietrykowski, J., Singer, P.J. Parish, J. Concur.