[Cite as *Gilliam v. Crowe*, 2017-Ohio-5494.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| MARK GILLIAM | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 27352 |
| | : | |
| v. | : | Trial Court Case No. 2016-CV-1414 |
| | : | |
| BRIAN CROWE, et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 23rd day of June, 2017.

. . . . . . . . . . .

AARON DURDEN, Atty. Reg. No. 0039862, 10 W. Monument Avenue, Dayton, Ohio 45402
     Attorney for Plaintiff-Appellant

CHRISTOPHER CARRIGG, Atty. Reg. No. 0023947 and LISA HESSE, Atty. Reg. No. 0042120, 1 S. Main Street, Suite 1800, Dayton, Ohio 45402
     Attorneys for Defendant-Appellee Busy Bee Auto Parts & Towing, Inc.

JOSEPH SAKS, Atty. Reg. No. 0088082, ANNE JAGIELSKI, Atty. Reg. No. 0093047, and BENJAMIN MAZER, Atty. Reg. No. 0087756, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
     Attorneys for Defendants-Appellees Brian Crowe and Montgomery County Sheriff Phil Plummer

. . . . . . . . . . . . .

HALL, P.J.

{¶ 1} Mark Gilliam appeals from the judgment of the trial court denying him leave to amend his complaint and dismissing the complaint under Civ.R. 12(B)(6). The court determined that the amendments would be futile. And the court concluded that Defendant-Appellees Montgomery County Sheriff Phil Plummer and Deputy Brian Crowe are immune from liability under R.C. 2744.03. We find that the trial court erred by overruling the motion to amend the complaint but did not err by dismissing the claims against the Montgomery County Sheriff's Department employees. Therefore, the judgment is reversed in part, affirmed in part, and remanded.

## I. Background

{¶ 2} In March 2016, Gilliam filed suit in the common pleas court against Sheriff Plummer, Deputy Crowe, and Busy Bee Auto Parts & Towing, Inc. The complaint alleges that around 3 a.m. on January 1, 2015, Deputy Crowe responded to the scene of a single-car accident involving Gilliam's car and a utility pole. Power lines fell across the vehicle and apparently there was some delay in access to and the towing of the vehicle. Busy Bee was called, and it towed the car back to its business location. All the while Gilliam remained in the car. Six hours later a Busy Bee employee discovered him. Gilliam was taken to a hospital where he was treated for his injuries.

{¶ 3} The complaint sets forth claims under both 42 U.S.C. 1983 and Ohio law. Count I alleges that Deputy Crowe was negligent, grossly negligent, or reckless for failing to notice that Gilliam was still inside the car. Count II alleges that Sheriff Plummer negligently trained and supervised Crowe, and Count III alleges that Plummer's failure to properly train, supervise, and control Crowe's conduct constituted negligence, gross

negligence, and recklessness. And Count IV alleges that Busy Bee was negligent for failing to ensure that no one was inside the car before towing it.

{¶ 4} Crowe and Plummer removed the action to federal district court. Busy Bee moved the district court to dismiss the negligence claim against it. Gilliam opposed and alternatively sought leave to amend his complaint. The district court, citing the federal *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) standard that a complaint must provide sufficient factual matter to state a claim "that is plausible on its face," *id.*, granted Busy Bee's motion and dismissed the claim against it. The district court concluded that the complaint did not "plausibly support an inference that Busy Bee had reason to believe that a person might still be inside the crashed car." Entry and Order, filed June 22, 2016. The court also denied Gilliam's motion to amend because he had failed to proffer a proposed amended complaint or to describe the amendments. But the court granted Gilliam leave to file a second motion to amend that included the proposed amendments. Gilliam filed a second motion to amend that included a proposed amended complaint. Crowe and Plummer moved the district court to dismiss Gilliam's claims against them under Fed.R.Civ.P. 12(b)(6) for failing to state a claim. The court granted the motion in part, dismissing the claims under 42 U.S.C. 1983 against Crowe and Plummer in their individual and official capacities. The court remanded to the common pleas court the remaining state-law claims against them, along with consideration of Gilliam's second motion to amend his complaint.

{¶ 5} On remand in the common pleas court, Gilliam filed the second motion for leave to amend his complaint that he had filed in the district court. And Crowe and Plummer filed the motion to dismiss that they had filed in the district court. The trial court

considered both motions under Ohio law and on November 1, 2016, denied the motion to amend and granted the motion to dismiss. The court determined that amending the complaint would be futile because the amendments do not cure the problem with the original complaint—the Amended Complaint also fails to state a claim against Busy Bee. And the court concluded that Deputy Crowe and Sheriff Plummer were immune from liability under R.C. Chapter 2744 in both their individual and official capacities. Consequently the trial court dismissed the complaint.

{¶ 6} Gilliam appealed.

## II. Analysis

{¶ 7} Gilliam assigns two errors to the trial court. The first challenges the denial of his motion to amend. And the second challenges the granting of the motion to dismiss.

## A. The motion to amend the complaint

{¶ 8} The first assignment of error alleges that the trial court erred by denying Gilliam's motion to amend his complaint. "To the extent that this decision of the trial court involves a discretionary call, we review that decision on an abuse-of-discretion standard." *Cruz v. Kettering Health Network*, 2d Dist. Montgomery No. 24465, 2012-Ohio-24, ¶ 34. "Where, however, the trial court's denial of the motion for leave to amend 'can fairly be read to have been based on a determination that the amended complaint * * * would not withstand a motion to dismiss, the denial is a legal question that is reviewed *de novo*.' " *Marx v. Ohio State Univ. College of Dentistry*, 10th Dist. Franklin No. 95APE07-872, 1996 WL 87462, *3 (Feb. 27, 1996), quoting *Rainer v. Westinghouse Elec. Corp.*, 65 F.3d 169, 1995 WL 510050, *2 (6th Cir.1995); *Hollinghead v. Bey*, 6th Dist. Lucas No. L-99-1351, 2000 WL 1005205, *8 (July 21, 2000) (quoting the same).

{¶ 9} Here, both the district court and the common pleas court determined that the problem with Gilliam's complaint is that it fails to state a claim for negligence against Busy Bee because it does not allege facts showing that Busy Bee had a duty to inspect the inside of Gilliam's car before towing it. This means that it cannot withstand a motion to dismiss under Fed.R.Civ.P. 12(b)(6) or Ohio's Civ.R. 12(B)(6).

{¶ 10} Generally, "the existence of a duty depends upon the foreseeability of harm: if a reasonably prudent person would have anticipated that an injury was likely to result from a particular act, the court could find that the duty element of negligence is satisfied." (Citations omitted.) *Wallace v. Ohio Dept. of Commerce*, 96 Ohio St.3d 266, 2002-Ohio-4210, 773 N.E.2d 1018, ¶ 23. "[T]he duty element of negligence may be established by common law, by legislative enactment, or by the particular circumstances of a given case." (Citations omitted.) *Id.* We have scoured both Ohio law and the case law of jurisdictions across the country and have found no authority suggesting that a tow-truck driver who has been called by police to tow a vehicle has a general duty to inspect the inside of the vehicle before towing it. This isn't to say that a duty to inspect cannot exist in certain situations. In our opinion, there may be particular circumstances in which a duty to inspect does exists. It could be that the driver had in fact observed that Gilliam was still in the car, or that the driver was informed there was someone in the car.

{¶ 11} We acknowledge that the complaint contains no allegations as to what Busy Bee or the tow-truck driver knew, or where Gilliam was located in the car, or whether the tow-truck driver should have seen him. The same is true of the proposed amended complaint. The relevant amendments merely add that Busy Bee "arrived at the accident scene per the request of the Defendant, Montgomery County Sheriff's Department,"

(*Amended Complaint*, ¶ 13); that Busy Bee "proceeded to remove the vehicle from the accident scene, yet did not inspect the contents and its surroundings prior to commencing the tow," (*Id.* at ¶ 14); and that Busy Bee "knew, or should have known, that towing a vehicle with a person inside [incomplete in the amended complaint]," (*Id.* at ¶ 16). But we are unable to conclude the amendments to the complaint would necessarily be futile.

{¶ 12} As the trial court noted, we have previously rejected the "plausibility" requirement of pleading that has been adopted in our federal courts. *Sacksteder v. Senney*, 2d Dist. Montgomery No. 24993, 2012-Ohio-4452. Ohio still follows the rule that a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245, 327 N.E.2d 753 (1975). All that is required is "a short and plain statement of the claim showing that the party is entitled to relief." Civ. R. 8(A). In this regard, the civil rules provide forms that "shall be accepted for filing by the courts of this state." Civ. R. 84. The sample form for a "Complaint for negligence" merely states: "1. On _____, 20___, in a public highway called _____ Street in _____, Ohio, defendant negligently drove a motor vehicle against plaintiff who was then crossing said highway." The sample complaint then contains a second paragraph indicating that as a result the plaintiff was injured, damaged, suffered, and incurred medical costs. In our opinion the amended complaint here says more than what is suggested by the civil rule sample form.

{¶ 13} A motion to amend may be denied "if the amendment of the complaint would be futile." *Natl. City Bank v. Citizens Natl. Bank of Southwest Ohio*, 2d Dist. Montgomery No. 20323, 2004-Ohio-6060, ¶ 26; *see also State ex rel. Brewer-Garrett Co. v.*

*MetroHealth Sys.,* 8th Dist. Cuyahoga No. 87365, 2006-Ohio-5244, ¶ 17 (saying that "[w]here an amendment to the complaint would have been futile, the trial court * * * does not abuse its discretion in denying the motion"). However, we have already determined we are not able to conclude that the amendments to the complaint would have been futile and therefore the amendments should have been permitted and the claim should not have been dismissed.

{¶ 14} The first assignment of error is sustained.

### B. Deputy Crowe and Sheriff Plummer's motion to dismiss

{¶ 15} The second assignment of error alleges that the trial court erred by sustaining Deputy Crowe and Sheriff Plummer's motion to dismiss under Civ.R. 12(B)(6) based on their immunity from liability under R.C. Chapter 2744. "We conduct a de novo review of a dismissal under Civ.R. 12(B)(6)." (Citation omitted.) *Sheldon v. Kettering Health Network*, 2015-Ohio-3268, 40 N.E.3d 661, ¶ 5 (2d Dist.).

{¶ 16} For a defendant to prevail on a motion to dismiss for failure to state a claim, it must appear beyond doubt that the plaintiff can prove no set of facts entitling him to relief. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988). "Unsupported *conclusions*" in a complaint "are not taken as admitted by a motion to dismiss and are not sufficient to withstand such a motion." (Emphasis sic.) *Id.* at 193. A complaint fails to state a claim, then, if there is no set of facts, consistent with the complaint, that would allow the plaintiff to recover.

{¶ 17} The complaint here asserts claims against Deputy Crowe and Sheriff Plummer in their official and individual capacities. The trial court concluded that Crowe and Plummer are both entitled to immunity in both capacities. Gilliam's argument on

appeal, though, focuses solely on the question of individual immunity. We assume their official immunity and consider only their individual immunity.

**{¶ 18}** "R.C. Chapter 2744 sets out circumstances under which political subdivisions and their employees are liable in tort in connection with governmental and proprietary functions. Political-subdivision immunity is an affirmative defense." (Citation omitted.) *Argabrite v. Neer*, 149 Ohio St.3d 349, 2016-Ohio-8374, 75 N.E.3d 161, ¶ 6. R.C. 2744.03(A) "prescribes defenses or immunities that an employee of a political subdivision may assert to establish nonliability in a civil action for damages allegedly caused by an act or omission in connection with a governmental or proprietary function." *Id.* at ¶ 7. R.C. 2744.03(A)(6)(b) pertinently states that a political-subdivision employee "is immune from liability *unless* the employee's acts or omissions were '* * * in a wanton or reckless manner.'" (Emphasis sic.) *Id.*, quoting R.C. 2744.03(A)(6)(b). "This standard applies to law-enforcement." (Citation omitted.) *Id.*

**{¶ 19}** The focus here is on recklessness. "Reckless conduct" is "conduct 'characterized by the conscious disregard of or indifference to a known or obvious risk of harm to another that is unreasonable under the circumstances and is substantially greater than negligent conduct.'" *Id.* at ¶ 8, quoting *Anderson v. Massillon*, 134 Ohio St.3d 380, 2012-Ohio-5711, 983 N.E.2d 266, paragraph four of the syllabus.

1. *Deputy Crowe*

**{¶ 20}** The complaint alleges that Crowe "failed to locate Plaintiff as he remained in the vehicle," (*Complaint*, ¶ 11). Specifically, Count I alleges that

Defendant Crowe acted negligently, with gross negligence, and/or recklessly, by failing to do the following[:]

    a. properly inventory the vehicle;

    b. follow normal and accepted practices and procedures of the Montgomery County Sherriff's Office;

    c. remove Plaintiff from a position of peril;

    d. provide adequate and proper emergency care and treatment; and

    e. provide adequate and proper medical care and treatment.

(*Id.* at ¶ 18).

**{¶ 21}** These allegations are insufficient to conclude that Deputy Crowe's conduct was reckless. "A violation of departmental policy * * * does not equate to per se recklessness." (Citation omitted.) *Argabrite*, 149 Ohio St.3d 349, 2016-Ohio-8374, 75 N.E.3d 161, at ¶ 21. "Recklessness requires knowledge by the actor that his 'conduct will in all probability result in injury.' " *Id.*, quoting *O'Toole v. Denihan*, 118 Ohio St.3d 374, 2008-Ohio-2574, 889 N.E.2d 505, paragraph three of the syllabus. None of the factual allegations in the complaint here suggests that Crowe knew there was a risk of harm or that a risk of harm was obvious. There are no allegations about what Crowe knew or should have known. At most, the allegations suggest that Crowe was negligent, which is not enough to impose liability. The complaint's allegation that Crowe's conduct was reckless is merely a conclusory statement about his conduct that is unsupported by the complaint's factual allegations.[1]

## 2. *Sheriff Plummer*

**{¶ 22}** The complaint asserts two claims against Sheriff Plummer. Count II alleges

---

[1] We note that the amended complaint does not add any factual allegations that would change this conclusion.

that "Defendant Plummer negligently caused the above-described injuries to Plaintiff by failing to properly train, supervise and control the conduct of Defendant Crowe," (*Complaint*, ¶ 23), and that "Defendant Plummer, Montgomery County Sheriff, as the employer of Defendant Crowe, is liable under the doctrine of respondeat superior for the tortious conduct of Defendant Crowe," (*Id.* at ¶ 24). Count III alleges that "[t]he conduct of Defendant Plummer, Montgomery County Sheriff, in failing to properly train, supervise and control the conduct of Defendant Crowe, constitutes negligence, gross negligence, and recklessness." (*Id.* at ¶ 29).

**{¶ 23}** These allegations are bare conclusory statements with no supporting factual allegations. There are no allegations about what training Plummer did or did not provide to Crowe. There are no allegations as to anything that happened before Gilliam's accident. There are no allegations about Plummer's supervision of Crowe on the date of the accident. And there are no allegations relating to Plummer's control of Crowe. In sum, the complaint "consists of nothing more than unilateral legal conclusions framed as allegations * * * [and] is devoid of factual allegations of recoverable conduct," *Amrhein v. Telb*, 6th Dist. Lucas No. L-06-1170, 2006-Ohio-5107, ¶ 16. Gilliam "simply presents the outcome itself as evidence of malfeasance," *id.* (affirming dismissal of the described complaint under Civ.R. 12(C)).[2]

**{¶ 24}** Because Deputy Crowe and Sheriff Plummer are entitled to immunity as political-subdivision employees, Gilliam's claims against them in their individual capacity fail as a matter of law. The trial court's dismissal of them was proper.

---

[2] The amended complaint does not add any factual allegations that would change this conclusion either.

{¶ 25} The second assignment of error is overruled.

### III. Conclusion

{¶ 26} We have sustained the first assignment of error and overruled the second assignment of error. This case is affirmed in part and reversed in part and remanded for proceedings consistent with this opinion.

. . . . . . . . . . . . .

FROELICH, J. and TUCKER, J., concur.

Copies mailed to:

Aaron Durden
Christopher Carrigg
Lisa Hesse
Benjamin Mazer
Joseph Saks
Anne Jagielski
Hon. Mary Lynn Wiseman