[Cite as *Cool v. Frenchko*, 2022-Ohio-3747.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Thomas S. Cool, | : | |
| Plaintiff-Appellant, | : | No. 21AP-4 |
| | | (C.P.C. No. 20CV-6100) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Michelle Nicole Frenchko et al., | : | |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on October 20, 2022

**On brief:** *Brunner Quinn, Rick L. Brunner,* and *Patrick M. Quinn*, for appellant. **Argued:** *Rick L. Brunner.*

**On brief:** *Hennig, Szeman & Klammer Co., L.P.A.,* and *Joseph P. Szeman,* for appellee Michelle Nicole Frenchko. **Argued:** *Joseph P. Szeman.*

**On brief:** *Joseph P. Szeman*, pro se. **Argued:** *Joseph P. Szeman.*

**On brief:** *Dave Yost*, Attorney General, and *Anthony J. Farris*, for appellee Ohio Department of Education. **Argued:** *Anthony J. Farris.*

**On brief:** *Dave Yost*, Attorney General, *Michael A. Walton, and Caitlyn N. Johnson*, for appellee Ohio Attorney General. **Argued:** *Michael A. Walton.*

**On brief:** *Squire Patton Boggs LLP*, and *Emily R. Spivack,* for appellee Mentor Exempted Village Schools District Board of Education.

APPEAL from the Franklin County Court of Common Pleas

JAMISON, J.

{¶ 1} Appellant, Thomas S. Cool ("Cool"), appeals the judgment of the Franklin County Court of Common Pleas granting appellees' Civ.R. 12(C) motions for judgment on the pleadings and Civ.R. 12(B)(6) motions to dismiss, and denying Cool's motion to shorten the case track. For the following reasons, we affirm the judgment of the trial court.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Cool is a resident of Trumbull County and brings this action for declaratory relief against several parties alleging a candidate for Trumbull County Commissioner was not qualified for office due to her residence in another county.

{¶ 3} Appellee, Michelle Nicole Frenchko ("Frenchko"), was a 2020 candidate for Trumbull County Commissioner, and defeated Daniel Polivka ("Polivka"), the incumbent commissioner, in the general election held on November 3, 2020. Appellee, Joseph Peter Szeman ("Szeman"), is Frenchko's domestic partner, and resides in neighboring Lake County. Frenchko owns a residence in Trumbull County, but spends time at Szeman's house in Lake County. Frenchko's child attends school in Lake County, based on Szeman's residence.

{¶ 4} Appellees, Trumbull County Board of Elections ("BOE"), Trumbull County Prosecutor Dennis Watkins ("Trumbull Prosecutor"), Ohio Secretary of State Frank LaRose ("SOS"), Mentor Public Schools ("Mentor Schools"), Mentor Board of Education ("Mentor Board"), Ohio Department of Education ("ODE"), Ohio Attorney General David Yost ("AG"), and Ohio Auditor Keith Fabor ("Auditor"), were named as defendants in the complaint, but all assert that they have no interest in this matter.

{¶ 5} On July 7, 2020, Cool sent a letter to the BOE requesting an investigation pursuant to R.C. 3501.11 to determine Frenchko's residence. Cool asserted that Frenchko is actually a resident of Lake County where her child attends school, and therefore, ineligible to vote or hold office in Trumbull County.

{¶ 6} On September 8, 2020, the BOE conducted an investigatory hearing, and unanimously determined that Frenchko was a qualified resident elector of Trumbull County, and therefore eligible to run for office.

{¶ 7} On September 16, 2020, Cool filed an action under Ohio Revised Code Chapter 2721 in the Franklin County Court of Common Pleas, requesting a judgment declaring (1) the word "reside" in R.C. 3313.64(B)(1) means to live where the residential

parent resides under R.C. 3503.02(D), (2) R.C. 3503.02 should be applied to domestic partners to ensure equal protection of the law, (3) a person cannot be an elector in one county and have a child attend public school in another county, and (4) Frenchko is a resident of Lake County and does not have a residence in Trumbull County for purposes of R.C. 3503.02, and cannot serve as a Trumbull County Commissioner.[1] On September 30, 2020, Cool filed a motion to shorten the case track due to the approaching election. On October 22, 2020, the trial court denied Cool's request to shorten the case track, and subsequently denied Cool's motion to reconsider on November 17, 2020.

{¶ 8} Frenchko and Szeman filed motions for judgment on the pleadings under Civ.R. 12(C), and appellees SOS, AG, ODE, Mentor Board, and Mentor Schools filed motions to dismiss under Civ.R. 12(B)(6). The BOE and Trumbull Prosecutor filed a motion for summary judgment on November 30, 2020.

{¶ 9} On November 30, 2020, Cool's counsel, on behalf of Polivka and 66 Trumbull County residents including Cool ("contestors"), filed a petition in election protest under R.C. 3515.08(C) in the Trumbull County Court of Common Pleas. Polivka's allegations mirror Cool's, including "most principally the allegation that Appellee Frenchko was ineligible to run for, and is ineligible to serve as, a commissioner in Trumbull County because she in fact is a resident of Lake County." (Mar. 31, 2021 Mot. to Stay at 2.) On December 30, 2020, the court conducted a hearing, and issued a judgment entry on February 2, 2021 denying the petition and finding that the BOE investigation properly determined Frenchko was a resident of Trumbull County. On February 22, 2021, the contestors appealed to the Supreme Court of Ohio. On April 19, 2021, the Supreme Court dismissed the appeal.

{¶ 10} On December 3, 2020, the trial court granted appellees' motions for judgment on the pleadings and motions to dismiss. On January 4, 2021, Cool appealed the judgments of the Franklin County Court of Common Pleas.

## II. ASSIGNMENTS OF ERROR

---

[1] R.C. 3313.64(B)(1) provides that a child "shall be admitted to the schools of the school district in which the child's parent resides." R.C. 3503.02(D) provides that the "place where the family of a married person resides shall be considered to be the person's place of residence." Residency is not defined in R.C. 3313.64.

{¶ 11} Cool assigns the following as trial court error:

[1.] The trial court erred in granting Defendant-Appellees Frenchko's and Szeman's Motions for judgment on the pleadings which were filed before either said Defendant had filed an Answer in the proceedings and Plaintiff stated a claim upon which relief can be granted.

[2.] The trial court erred in granting Defendant-Appellees Secretary of State, Auditor of State and Attorney General (collectively referred to by the trial court as the "State Defendants") and Defendant-Appellee's Ohio Department of Education respective Motions to Dismiss for reasons including that the court failed to properly apply R.C. 2721.12 and Plaintiff stated a claim upon which relief can be granted applying Civ. R. 12(B)(6) in tandem with R.C. 2721.12.

[3.] The trial court abused its discretion in overruling Plaintiff's unopposed Motion to Shorten Case Track for an Election Matter especially when it acknowledged it had not paid attention that the matter was time sensitive after it was pointed out in Plaintiff's unopposed Motion to Reconsider.

## III. STANDARD OF REVIEW

{¶ 12} A motion made under Civ.R. 12(C) is "specifically for resolving questions of law" and appellate review is "de novo, without deference to the trial court's determination." *Garb-Ko, Inc. v. Benderson*, 10th Dist. No. 12AP-430, 2013-Ohio-1249, ¶ 7. "For purposes of appellate review, a standing question is generally a question of law reviewed under a de novo standard." *Ohio Concrete Constr. Assn. v. Ohio DOT*, 10th Dist. No. 08AP-905, 2009-Ohio-2400, ¶ 9. "A motion to dismiss based on lack of standing involves a question of law that we review independently and without deference to the trial court." *In re Adoption of G.M.B.*, 4th Dist. No. 19CA12, 2019-Ohio-3884, ¶ 7.

{¶ 13} "A motion to dismiss for failure to state a claim is procedural and tests whether the complaint is sufficient." *Morrow v. Reminger & Reminger Co. LPA*, 183 Ohio App.3d 40, 2009-Ohio-2665, ¶ 7. "An appellate court reviews a trial court's dismissal pursuant to Civ.R. 12(B)(6) de novo." *Dunlop v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 16AP-550, 2017-Ohio-5531, ¶ 10.

{¶ 14} "However, a trial court's dismissal of a declaratory judgment action is reviewed under an abuse of discretion standard." *Ohio Assn. of Pub. School Emps.*

*(OAPSE) v. School Emps. Retirement Sys. of Ohio*, 10th Dist. No. 19AP-288, 2020-Ohio-3005, ¶ 12. "Importantly, the abuse of discretion standard only applies to the review of a trial court's holding regarding justiciability." *Id.* at ¶ 14. "[O]nce a trial court determines that a matter is appropriate for declaratory judgment, its holdings regarding questions of law are reviewed on a de novo basis." *Arnott v. Arnott*, 132 Ohio St.3d 401, 2012-Ohio-3208, ¶ 13.

**{¶ 15}** "An appellate court may find an abuse of discretion when the trial court 'applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact.' " *Bellamy v. Montgomery*, 10th Dist. No. 11AP-1059, 2012-Ohio-4304, ¶ 7.

**{¶ 16}** We therefore apply an abuse of discretion standard of review to the trial court's determination that there was no justiciable controversy.

## IV. LEGAL ANALYSIS

**{¶ 17}** Cool filed a complaint under R.C. 2721.03 requesting the court declare that a school residency statute apply to Frenchko and other non-married individuals. "The three prerequisites to declaratory relief include '(1) a real controversy between the two parties, (2) justiciability, and (3) the necessity of speedy relief to preserve the parties' rights." *Ohioans for Concealed Carry, Inc. v. Columbus*, 164 Ohio St.3d 291, 2020-Ohio-6724, ¶ 30. "[A] declaratory judgment action lies when a party challenges a statute as it specifically applies to him or her." *Kuhar v. Medina Cty. Bd. of Elections*, 9th Dist. No. 06CA0076-M, 2006-Ohio-5427, ¶ 13.

**{¶ 18}** "A trial court may dismiss a complaint for declaratory judgment without addressing the merits of the case if there is (1) neither a justiciable issue nor an actual controversy between the parties requiring speedy relief, or (2) the declaratory judgment will not terminate the uncertainty or controversy." *M6 Motors, Inc. v. Nissan of North Olmsted, LLC.*, 8th Dist. No. 100684, 2014-Ohio-2537, ¶ 19. R.C. 2721.03 requires "an actual controversy, the resolution of which will confer certain rights or status upon the litigants." *Mid-American Fire & Cas. Co. v. Heasley*, 113 Ohio St.3d 133, 2007-Ohio-1248, ¶ 9, citing *Corron v. Corron*, 40 Ohio St.3d 75, 79 (1988). An actual or justiciable controversy is defined as a "genuine dispute between parties having adverse legal interest of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."

*Wagner v. Cleveland*, 62 Ohio App.3d 8, 13 (8th Dist.1988). "[N]ot every case is appropriate for a declaratory judgment action." *OAPSE* at ¶ 26. "Thus, in the absence of an actual controversy, a trial court may not render a declaratory judgment." *Id.*

{¶ 19} "A motion to dismiss under Civ.R. 12(B)(6) for failure to state a claim on which relief can be granted tests the sufficiency of the complaint." *Id.* at ¶ 11. "In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *State ex rel. AWMS Water Solutions, LLC v. Simmers*, 10th Dist. No. 19AP-582, 2020-Ohio-4798, ¶ 4, quoting *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, (1975). An appellate court reviewing a dismissal under Civ.R. 12(B)(6) presumes "that the complaint's factual allegations are true and make all reasonable inferences in the nonmoving party's favor." *State ex rel. Ohio Civ. Serv. Emps. Assn. v. State,* 146 Ohio St.3d 315, 2016-Ohio-478, ¶ 12. "[T]he movant may not rely on allegations or evidence outside the complaint." *Dunlop* at ¶ 10.

{¶ 20} "Under Civ.R. 12(C), dismissal is appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." *Mansour v. Croushore*, 194 Ohio App.3d 819, 2011-Ohio-3342, ¶ 15. "It is well established that a trial court's approach in reviewing a Civ.R. 12(C) motion for judgment on the pleadings is substantively analogous to the approach taken on Civ.R. 12(B)(6) motion for failure to state a claim upon which relief can be granted. The same standard of review is applied equally to both types of motions." *Amrhein v. Telb,* 6th Dist. No. L-06-1170, 2006-Ohio-5107, ¶ 10. "A motion for judgment on the pleadings is decided by the trial court under the same standards that control a motion to dismiss for failure to state a claim." *Gore v. Mohamod*, 10th Dist. No. 21AP-526, 2022-Ohio-2227, ¶ 22. "A Civ.R. 12(C) motion for judgment on the pleadings has been characterized as a belated Civ.R. 12(B)(6) motion to dismiss, and the same standard of review is applied, both at the trial and appellate levels." *Rushford v. Caines*, 10th Dist. No. 00AP-1072, 2001 Ohio App. LEXIS 1512 (March 30, 2001). "Parties may seek a dismissal for failure to state a claim within the context of Civ.R. 12(C)." *Moran v. Lewis*, 8th Dist. No. 106634, 2018-Ohio-4423, ¶ 3.

{¶ 21} A defendant may present the defense of failing to state a claim in its answer or by motion. Civ.R. 12(B). If the defense is asserted by motion, it must be done prior to filing an answer. A motion to dismiss "can be considered as a motion for judgment on the pleadings, Civ.R. 12(C), or as a motion to dismiss under Civ.R. 12(B)(6)." *Lawreszuk v. Nationwide Ins. Co.*, 59 Ohio App.2d 111, 115 (9th Dist.1977). While similar, the key distinction between a Civ.R. 12(B)(6) motion and a Civ.R. 12(C) motion is when each motion may be filed and what material may be considered. "A Civ.R. 12(B)(6) motion is ordinarily filed prior to the answer and consideration of the motion is limited solely to the complaint," while "Civ.R. 12(C) allows the court to consider both the complaint and the answer." *JP Morgan Chase Bank, N.A. v. Belden Oak Furniture Outlet, Inc.*, 5th Dist. No. 2010 CA 00049, 2010-Ohio-4444, ¶ 20. "A motion for judgment on the pleadings is essentially a motion to dismiss for failure to state a claim after an answer has been filed." *Regulic v. Columbus*, 10th Dist. No 21AP-268, 2022-Ohio-1034, ¶ 18. Conversely, a Civ.R. 12(B)(6) motion to dismiss filed after the pleadings have closed is properly treated as "a motion for judgment on the pleadings pursuant to Civ.R. 12(C)." *Lin v. Gatehouse Constr. Co.*, 84 Ohio App.3d 96, 99 (8th Dist.1992). We find no error in the trial court treating the Civ.R. 12(C) motions as motions to dismiss under Civ.R. 12(B)(6).

{¶ 22} Before an Ohio court can consider the merits of a legal claim, "the person or entity seeking relief must establish standing to sue." *Ohioans for Concealed Carry, Inc.* at ¶ 12, quoting *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, ¶ 27. "Standing is a jurisdictional requirement that a party has a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy." *Honeywell Intl. v. Vanderlande Indus.*, 12th Dist. No. CA2021-12-114, 2022-Ohio-2986, ¶ 6. The Supreme Court has firmly held that to establish traditional, common-law standing, a party must show, at a minimum, that they have suffered "(1) an injury (2) that is fairly traceable to the defendant's allegedly unlawful conduct and (3) is likely to be redressed by the requested relief." *Ohioans for Concealed Carry, Inc., supra*, at ¶ 12. These three elements are "the irreducible constitutional minimum of standing." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992). Standing in a declaratory judgment action is determined the same way as in any other action. *Wurdlow v. Turvy,* 10th Dist. No. 12AP-25, 2012-Ohio-4378, ¶ 14.

{¶ 23} "[T]he plaintiff must have suffered an 'injury in fact' – an invasion of a legally protected interest which is (a) concrete and particularized and (b) 'actual or imminent, not 'conjectural' or 'hypothetical.' " (Internal citations and quotations omitted.) *Lujan* at 560. An individual "must generally show that he or she has suffered or is threatened with direct and concrete injury in a manner or degree different from that suffered by the public in general, that the law in question has caused the injury, and that the relief requested will redress the injury." *Bowers v. State Dental Bd.*, 142 Ohio App.3d 376, 380 (10th Dist.2001). "Injury that is borne by the population in general and does not affect plaintiff in particular is typically insufficient to confer standing upon the plaintiff to bring suit against a defendant." *Wurdlow* at ¶ 15.

{¶ 24} Standing does not depend on the merits of the plaintiff's claim that the conduct is illegal or unconstitutional, but "whether the plaintiffs have alleged such a personal stake in the outcome of the controversy that they are entitled to have a court hear their case." *ProgressOhio.Org, Inc. v. JobsOhio*, 139 Ohio St.3d 520, 2014-Ohio-2380, ¶ 7. "Merely stating a cause of action upon which relief can be granted does not automatically confer standing upon a plaintiff to bring its suit." *Williams v. Ohio State AG*, 10th Dist. No. 97APE08-980, 1998 Ohio App. LEXIS 1873 (Apr. 30, 1998).

{¶ 25} A lack of standing may be challenged in a Civ.R. 12(B)(6) motion to dismiss. *Cronin v. Governor of Ohio*, 8th Dist. No. 110802, 2022-Ohio-829, ¶ 11. "A motion to dismiss for lack of standing is properly brought pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted." *Wilkins v. Village of Harrisburg*, 10th Dist. No. 14AP-1028, 2015-Ohio-5472, ¶ 38. *See Brown v. Columbus City Schools Bd. of Edn.*, 10th Dist. No. 08AP-1067, 2009-Ohio-3230, ¶ 4 (a trial court may properly dismiss a matter for failure to state a claim upon which relief can be granted for lack of standing under Civ.R. 12(B)(6)), *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, ¶ 23 (lack of standing is a fundamental flaw requiring dismissal).

{¶ 26} Cool incorrectly argues that the test for standing in a declaratory judgment action is whether a justiciable issue exists as opposed to alleging an injury. Although a declaratory judgment action generally precedes an actual injury, "a plaintiff must nonetheless demonstrate 'actual present harm or a significant possibility of future harm to justify pre-enforcement relief.' " *Ohioans for Concealed Carry, Inc., supra*, at ¶ 32, quoting

*Peoples Rights Org., Inc. v. Columbus*, 152 F.3d 522, 527 (6th Cir.1998). An injury is required for common law standing, and the lack of standing precludes any consideration of a justiciable issue. "A matter is justiciable only if the complaining party has standing to sue." *Ohioans v. Columbus*, 10th Dist. No. 18AP-605, 2019-Ohio-3105, ¶ 11.

{¶ 27} Cool has not shown a direct and concrete injury to himself that is different than any corresponding injury to the general public. Cool has failed to demonstrate that he "suffered injury or [was] impacted by the challenged [statute]." *Id.* at ¶ 45. Cool makes no claim that the BOE's determination has impacted him in any meaningful way. Cool is not seeking the seat now held by Frenchko, and has not suffered any direct injury as a result of the election. Cool has not made any claim that he attempted to enroll a child in Mentor County Schools and experienced any adverse issue.

{¶ 28} The lack of a palpable injury suffered by Cool forecloses any form of relief in a declaratory judgment action. We find that Cool has not alleged that the challenged statutes affected him in a particular way. As a result, Cool does not have common law standing to bring the declaratory action.

{¶ 29} "In addition to standing authorized by common law, standing may also be conferred by statute." *ProgressOhio.org, Inc.* at ¶ 17. Statutory standing is "the statutory grant of authority to sue." *Smith v. Ohio State Univ.*, 10th Dist. No. 17AP-218, 2017-Ohio-8836, ¶ 13. Common-law standing principles do not apply when standing is authorized by statute. *Ohio Valley Associated Builders & Constr. v. Kuempel*, 2d Dist. No. 24138, 2011-Ohio-756, ¶ 22. When a party relies on a specific statute authorizing invocation of the judicial process, "the inquiry as to standing must begin with a determination of whether the statute in question authorizes review at the behest of the plaintiff." *Middletown v. Ferguson*, 25 Ohio St.3d 71, 75-76 (1986), quoting *Sierra Club v. Morton*, 405 U.S. 727, 731-32 (1972). "For a statute to confer standing in the absence of a concrete injury, the statute must 'clearly express[] an intention to abrogate the common-law requirements for standing.' " *Smith* at ¶ 13.

{¶ 30} Cool asserts that his status as a Trumbull County elector confers statutory standing under R.C. 2721.03 and R.C. 3501.11 to challenge the determination that Frenchko is a Trumbull County resident and qualified to hold office in Trumbull County. R.C. 2721.03 provides that "any person whose rights, status, or other legal relations are affected by a

constitutional provision, statute, * * * [or] municipal ordinance * * * may have determined any question of construction or validity * * * and obtain a declaration of rights, status, or other legal relations under it." R.C. 2721.12(A) provides that "all persons who have or claim any interest that would be affected by the declaration shall be made parties to the action or proceeding." "The language of R.C. 2721.03 is broad." *Rhea v. Federer,* 2d Dist. No. 2013-CA-80, 2014-Ohio-1979, ¶ 17. However, "R.C. 2721.03 merely represents a legislative grant of jurisdiction to Ohio courts to hear declaratory-judgment actions and that the statute does not answer the separate question of whether the plaintiff has standing to sue." *Moore v. Middletown,* 133 Ohio St.3d 55, 2012-Ohio-3897, ¶ 48.

{¶ 31} R.C. 3501.11 authorizes a board of elections to investigate and perform certain duties, but does not confer standing upon Cool. R.C. 3501.11(J) authorizes a board of elections to "[i]nvestigate irregularities, nonperformance of duties, or violations of Title XXXV of the Revised Code * * * administer oaths, issue subpoenas, summon witnesses, and compel the production of books, papers, records, and other evidence in connection with any such investigation; and report the facts to the prosecuting attorney or the secretary of state." R.C. 3501.11(Q) authorizes a board of elections to "[i]nvestigate and determine the residence qualifications of electors." There is no language conferring standing to a party seeking redress under the statute, and Cool cites to no authority in support of his position. Because R.C. 3501.11 does not express "a clear intent to abrogate" common law standing, it does not confer standing on any person. *Smith*, *supra*, at ¶ 13. Cool is not able to establish statutory standing.

{¶ 32} In a declaratory judgment action, "only those persons who are legally affected are proper parties to a lawsuit." *M6 Motors, Inc.* at ¶ 33, quoting *Driscoll v. Austintown Assocs.*, 42 Ohio St.2d 263, 273 (1975). "A party is legally affected by a cause of action if the party has a legal interest in rights that are the subject matter of the cause of action." *Rumpke Sanitary Landfill v. State*, 128 Ohio St.3d 41, 2010-Ohio-6037, ¶ 14. A legal interest is "an interest recognized by law" and is "legally protectable." *Id.* A person may have a practical interest in a subject matter for a variety of reasons, but "a person's practical interest in the outcome of a legal dispute does not necessarily require his or her inclusion in a declaratory judgment action." *Ma v. Cincinnati Children's Hosp. Med. Ctr.*, 1st Dist. No. C-180610, 2020-Ohio-1471, ¶ 36. The "legally protectable interest" standard applies to

a determination whether a party is necessary in a declaratory judgment action or must be joined pursuant to Civ.R. 19(A). *Gonzalez v. Graves*, 6th Dist. No. OT-14-023, 2015-Ohio-1791, ¶ 23.

{¶ 33} The state and county defendants do not believe they have a legal interest in this matter, and assert in their motions to dismiss no controversy exists with Cool and that they are not necessary parties. Cool does not allege any controversy exists with any of the governmental defendants, and none of the allegations involve any controversy with any governmental defendant. There are no allegations that any of the defendants have taken a position adverse to Cool, or that they have competing legal interests. Cool has not pled any harm or injury different in manner or degree than that suffered by the public in general. In the absence of a claim or controversy to adjudicate dismissal under Civ.R. 12(B)(6) is proper.

{¶ 34} "A trial court properly dismisses a declaratory judgment action when no real controversy or justiciable issue exists between the parties." *Garb-Ko, Inc.* at ¶ 38. Cool has not alleged any facts to support a need for speedy relief from a real justiciable controversy, and therefore has failed to state a claim. *ProgressOhio.Org, Inc.*, *supra*, at ¶ 19. Cool does not have a legal interest adverse to any defendant, and therefore, cannot establish a "real justiciable controversy and has no standing to bring a declaratory judgment action to challenge this particular statute." *Kuhar*, *supra*, at ¶ 15. We conclude that the trial court did not abuse its discretion in denying Cool's request for declaratory relief because no controversy existed.

{¶ 35} Having overruled Cool's first and second assignments of error, we find Cool's third assignment of error to be moot.

{¶ 36} Frenchko addressed the issue of res judicata for the first time in her appellate brief. After the trial court issued its judgment and the instant appeal was filed, the Trumbull County Court of Common Pleas ruled that Frenchko was a resident of Trumbull County and upheld the BOE determination.

{¶ 37} "[A]n appellate court limits its review to issues actually decided by the trial court in its judgment." *Lycan v. Cleveland,* 146 Ohio St.3d 29, 2016-Ohio-422, ¶ 21. The trial court ruled on appellees' motions, which raised standing and failure to state a claim as the basis for relief. Res judicata was not raised at the trial court level. Because there are

"no findings or discussion pertaining to res judicata" in the judgment entry, there is "no basis for reviewing the res judicata question in this appeal." *Id*. at ¶ 23.

## V. CONCLUSION

{¶ 38} Upon review of the pleadings, we hold that no material factual issues have been identified, and that appellees were entitled to judgment as a matter of law. Cool's lack of standing and failure to state a claim precludes any type of analysis on the merits. We find no abuse of discretion and no error. Accordingly, Cool's first and second assignments of error are overruled, Cool's third assignment of error is moot, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

LUPER SCHUSTER, P.J. and NELSON, J., concur.

NELSON, J., retired, of the Tenth Appellate District, assigned
to active duty under the authority of the Ohio Constitution,
Article IV, Section 6(C).

_____