[Cite as *Logan v. Champaign Cty. Bd. of Elections*, 2023-Ohio-4688.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY

| | | |
|---|---|---|
| JODI L. LOGAN | : | |
| | : | |
| Appellant | : | C.A. No. 2023-CA-26 |
| | : | |
| v. | : | Trial Court Case No. 2023 CV 026 |
| | : | |
| CHAMPAIGN COUNTY BOARD OF ELECTIONS, et al. | : | (Civil Appeal from Common Pleas Court) |
| | : | |
| Appellees | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on December 22, 2023

. . . . . . . . . . .

RICK L. BRUNNER & PATRICK M. QUINN, Attorneys for Appellant

JEFFREY A. STANKUNAS & RYAN C. SPITZER, Attorneys for Appellees, Champaign County Board of Elections

. . . . . . . . . . . .

HUFFMAN, J.

{¶ 1} Plaintiff-Appellant Jodi L. Logan appeals from a judgment of the Franklin County Court of Commons Pleas (FCCCP), which granted Defendant-Appellee Ohio Secretary of State Frank LaRose's motion to dismiss, and from a judgment of the Champaign County Court of Common Pleas (CCCCP), which denied Logan's motion to

strike and granted the remaining Defendants-Appellees' motion to dismiss. For the reasons outlined below, we reverse and remand this matter to the CCCCP.

## I. Factual and Procedural Background

{¶ 2} Logan formerly served as Deputy Director of the Champaign County Board of Elections ("the Board"). In May 2022, Logan was placed on administrative leave from her position as Deputy Director pending an investigation into allegations that she had failed to follow established protocol and had made false statements to the Board after she reported her concerns of possible violations of election procedures to the Ohio Secretary of State Frank LaRose ("Secretary LaRose"). In July 2022, Logan's employment was terminated, and this action subsequently arose out of Logan's employment termination.

{¶ 3} Following her termination, Logan brought a declaratory judgment action in the FCCCP against the Board, the director of the Board, the chairperson of the Board, and three members of the Board (collectively "the Champaign County Defendants"), and Secretary LaRose. In her complaint, Logan made several allegations concerning actions of the Champaign County Defendants that purportedly violated Secretary LaRose's election directives.

{¶ 4} Secretary LaRose had issued the election directives and advisories upon which the allegations against the Champaign County Defendants were based and was named in this action as the chief elections officer of the state. Because Secretary LaRose was a party to the complaint, Logan brought the action in Franklin County pursuant to Civ.R. 3(C)(4), which requires that an action brought against an officer in the officer's official capacity must be brought in the county where the officer maintains his principal

office.

{¶ 5} In her complaint, Logan alleged that she had observed violations of election procedures during early voting for the May 2022 primary election. Specifically, Logan alleged that the Board's director failed to keep a record of persons who entered the Board's offices during early voting, met with candidates alone, and voiced support for a particular candidate in a contested primary. Logan also alleged that procedures pertaining to the security and tabulating of absentee ballots were not followed during the May 2022 primary. Logan reported her concerns to Secretary LaRose, which resulted in a letter issued to the Board informing them of Logan's allegations and ordering the Board to determine whether the alleged incidents took place. Logan claimed that the ethics policy from Secretary LaRose required her to report violations of election procedures and gave her a reasonable expectation of anonymity in reporting.

{¶ 6} Logan sought a declaratory judgment, reinstatement of her employment to her previous position, and back pay with benefits and attorney's fees. Logan alleged that she had been wrongfully terminated as the Board sought to cover up its wrongdoing and had been subjected to disparate and discriminatory employment standards. Logan also broadly asserted that Secretary LaRose had an interest in the outcome of the proceedings.

{¶ 7} Secretary LaRose filed a motion to dismiss Logan's complaint against him pursuant to Civ.R. 12(B)(1) and 12(B)(6). The Champaign County Defendants also filed a motion to dismiss Secretary LaRose pursuant to Civ.R. 12(B)(1), (2), (3) and (6) and to transfer the matter to the proper venue; specifically, they sought to initially transfer the

matter to Champaign County as the proper venue, but they reserved the right to later supplement their argument based upon the other defenses raised in their Civ.R. 12(B) motion. The Champaign County Defendants argued that venue was improper since it was solely based upon the joining of Secretary LaRose to the action only as an "interested party."

{¶ 8} The FCCCP granted Secretary LaRose's motion to dismiss, finding that Secretary LaRose was not a proper party to the action, and then stated that, based on its finding that Secretary LaRose was not a proper party, the Champaign County Defendants' motion to dismiss was rendered moot, in part, as to their arguments regarding Secretary LaRose. The FCCCP then granted the Champaign County Defendants' motion to change venue, reasoning that the only party who had given rise to Logan's seeking venue in Franklin County was Secretary LaRose and, because Secretary LaRose was not a proper party to the action, Franklin County was not the proper venue. The FCCCP further stated that there were no additional allegations or arguments to support Franklin County as venue, and it therefore ordered transfer of the matter to Champaign County where venue was proper under Civ.R. 3(C).

{¶ 9} Thereafter, in accordance with the FCCCP's order, the matter was transferred to the CCCCP; the complaint was received by the CCCCP on February 10, 2023, but was not reflected in the docket until February 13, 2023. On March 13, 2023, the Champaign County Defendants filed a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim, which Logan later sought to strike as improper and untimely. The CCCCP ultimately denied Logan's motion to strike and granted the Champaign County

Defendants' motion to dismiss on the merits, thereby dismissing Logan's complaint as to the remaining Defendants. This appeal followed.

## II.    Assignments of Error

{¶ 10} Logan asserts the following two assignments of error:

The trial court in Champaign County erred in granting a second motion to dismiss by the Defendant-Appellee Board and its Defendant-Appellee members despite Civ.R. 12(G), and the motion being filed out of rule without compliance with Civ.R. 6(B) and overruling Appellant's Motion to Strike and Civ.R. 8(D) motion regarding the same. * * *

The trial court in Franklin County erred in granting motions to dismiss the Ohio Secretary of State and finding the Secretary of State not to be a necessary party for the purposes of ORC § 2721. * * *

{¶ 11} Given the procedural history of this case, we will address Logan's assignments of error out of order, focusing first on her second assignment of error concerning the decision of the FCCCP.

### *Second Assignment of Error*

{¶ 12} At the outset, the Champaign County Defendants contend that we lack jurisdiction over Logan's second assignment of error, arguing that the decision and order originating from the FCCCP constituted a final appealable order and that Logan failed to timely appeal the decision in that district. We disagree.

{¶ 13} The jurisdiction of Ohio's courts of appeals is set forth in Section 3(B)(2), Article IV of the Ohio Constitution, which provides that "[c]ourts of appeals shall have * * *

jurisdiction * * * to review and affirm, modify, or reverse *judgments or final orders* of the courts of record inferior to the court of appeals * * *." (Emphasis added.) An order is a final order and may be reviewed, affirmed, modified, or reversed, with or without retrial when it is an order that, among others, affects a substantial right in an action that in effect determines the action and prevents a judgment and affects a substantial right made in a special proceeding or upon a summary application in an action after judgment. R.C. 2502.02(B)(1) and (2).

{¶ 14} R.C. 2505.02 is to be read in conjunction with Civ.R. 54(B), which provides:

When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties *only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties*, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

(Emphasis added). In other words, "Civ.R. 54(B) establishes that courts may enter final judgment as to one or more, but fewer than all defendants in an action, only upon an

express determination that there is no just reason to delay entering such a judgment." *Denham v. New Carlisle*, 86 Ohio St.3d 594, 596, 716 N.E.2d 184 (1999). An order of a court is final and appealable only if it meets the requirements of both Civ.R. 54(B) and R.C. 2505.02. *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 88, 541 N.E.2d 64 (1989).

{¶ 15} Here, the FCCCP's decision granting Secretary LaRose's motion to dismiss for failure to state a claim met the requirements of R.C. 2505.02, as it affected a substantial right, namely Logan's ability to recover against Secretary LaRose. In addition, the trial court's dismissal of Secretary LaRose, in effect, determined the outcome of Logan's case against Secretary LaRose.

{¶ 16} The next question, however, is whether the trial court's decision granting dismissal of Secretary LaRose met the requirements of Civ.R. 54(B). We find that it did not. Upon dismissing Logan's claims against Secretary LaRose, the FCCCP did not expressly conclude that there was "no just reason for delay" and, in the absence of such a determination, the dismissal was not a final appealable order. Additionally, the FCCCP's disposition of the matter specifically noted that it was not a final appealable order, and thus there was no appellate jurisdiction at that time.

{¶ 17} Finally, we note that Supreme Court of Ohio stated in *State ex. rel. Starner v. DeHoff*, 18 Ohio St.3d 163, 480 N.E.2d 449 (1985), that once a court transfers a case to another venue in another county, the county to which the case was transferred assumes "complete jurisdiction over the cause of action." (Citation omitted.) *Rose v. Cochran*, 2d Dist. Montgomery No. 25498, 2013-Ohio-3755, ¶ 18, citing *Starner* at 165.

Thus, as the transferee trial court, the CCCCP obtained complete jurisdiction over this matter when the case was transferred to it, and, as the appellate district of the CCCCP, this court is the proper forum for appellate review. *See id*.

{¶ 18} In her second assignment of error, Logan argues that, pursuant to R.C. 2721.12, Secretary LaRose was a required party in this matter for the trial court to render a declaratory judgment as to Secretary LaRose's directives and the application of the same. Logan further argues that the trial court should not have dismissed Secretary LaRose without first ruling upon the declarations sought by Logan in her declaratory judgment action. We disagree.

*Declaratory Judgment Actions*

{¶ 19} Declaratory judgment actions are governed by Ohio Revised Code Chapter 2721. R.C. 2721.02 refers to "rights, status, or other legal relations" as the subject of the court's declaratory powers. This right does not extend to anyone who is practically affected by the controversy involved, but only to those persons who are legally affected. *Schriber Sheet Metal & Roofers, Inc. v. Shook*, 64 Ohio App. 276, 28 N.E.2d 699 (1940); *Shoemaker v. City of Piqua*, 2d Dist. Miami No. 2000-CA-32, 2000 WL 1514085 (Oct. 13, 2000).

{¶ 20} R.C. 2721.03 states, in part, "any person interested under a deed, will, written contract, or other writing constituting a contract or any person whose rights, status, or other legal relations are affected by a constitutional provision, statute, rule as defined in section 119.01 of the Revised Code, municipal ordinance, township resolution, contract, or franchise may have determined any question of construction or validity arising

under the instrument, constitutional provision, statute, rule, ordinance, resolution, contract, or franchise and obtain a declaration of rights, status, or other legal relations under it." When declaratory relief is sought in an action or proceeding, "all persons who have or claim any interest that would be affected by the declaration shall be made parties to the action or proceeding." R.C. 2721.12(A).

{¶ 21} Ohio Courts have consistently held that, for declaratory relief to be considered an appropriate remedy, the plaintiff must establish the following three essential elements: (1) that a real controversy exists between the parties; (2) that the controversy is justiciable in nature; and (3) that the particular situation is one in which speedy relief is necessary to preserve the rights of the parties. *See Williams v. Akron*, 54 Ohio St.2d 136, 144, 374 N.E.2d 1378 (1978); *Herrick v. Kosydar*, 44 Ohio St.2d 128, 130, 339 N.E.2d 626 (1975); *Burger Brewing Co. v. Liquor Control Comm.*, 34 Ohio St.2d 93, 296 N.E.2d 261 (1973); *Buckeye Quality Care Ctrs. v. Fletcher*, 48 Ohio App.3d 150, 154, 548 N.E.2d 973 (10th Dist.1988); *see also Cool v. Frenchko*, 10th Dist. Franklin No. 21AP-4, 2022-Ohio-3747, ¶ 17, citing *Ohioans for Concealed Carry, Inc. v. Columbus*, 164 Ohio St.3d 291, 2020-Ohio-6724, 172 N.E.3d 935, ¶ 30. When determining if a "real controversy" exists, Ohio courts have found that the controversy must be based upon legal rights and obligations. *Superior Dairy, Inc. v. Stark County Milk Producers' Assn.*, 89 Ohio App. 26, 31, 100 N.E.2d 695 (5th Dist.1950).

{¶ 22} "A trial court may dismiss a complaint for declaratory judgment without addressing the merits of the case if there is (1) neither a justiciable issue nor an actual controversy between the parties requiring speedy relief, or (2) the declaratory judgment

will not terminate the uncertainty or controversy." *Cool* at ¶ 18, citing *M6 Motors, Inc. v. Nissan of N. Olmsted, LLC*, 8th Dist. Cuyahoga No. 100684, 2014-Ohio-2537, ¶ 19. R.C. 2721.03 requires "an actual controversy, the resolution of which will confer certain rights or status upon the litigants." *Id.*, quoting *Mid-American Fire & Cas. Co. v. Heasley*, 113 Ohio St.3d 133, 2007-Ohio-1248, 863 N.E.2d 142, ¶ 9, citing *Corron v. Corron*, 40 Ohio St.3d 75, 79, 531 N.E.2d 708 (1988). An actual or justiciable controversy is defined as a "genuine dispute between parties having adverse legal interest of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.*, quoting *Wagner v. Cleveland*, 62 Ohio App.3d 8, 13, 574 N.E.2d 533 (8th Dist.1988). "[N]ot every case is appropriate for a declaratory judgment action." (Citation omitted.) *Id.* "Thus, in the absence of an actual controversy, a trial court may not render a declaratory judgment." *Id.*

{¶ 23} The abuse of discretion standard applies to the review of a trial court's holding regarding justiciability of a declaratory judgment action. *Arnott v. Arnott*, 132 Ohio St.3d 401, 405, 2012-Ohio-3208, 972 N.E.2d 586, ¶ 13. The term "abuse of discretion" means an unreasonable, arbitrary, or unconscionable decision." *State ex rel. Pipoly v. State Teachers Retirement Sys.*, 95 Ohio St.3d 327, 2002-Ohio-2219, 767 N.E.2d 719, ¶ 14. "[O]nce a trial court determines that a matter is appropriate for declaratory judgment, its holdings regarding questions of law are reviewed on a de novo basis." *Arnott* at ¶ 13.

*Standing in a Declaratory Judgment Action*

{¶ 24} However, before an Ohio court can even consider the merits of a legal claim, including one for declaratory judgment, the person or entity seeking relief must establish standing to sue. *Verbillion v. Enon Sand & Gravel, LLC*, 2d Dist. Clark No. 2021-

CA-1, 2021-Ohio-3850, ¶ 41, citing *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550, ¶ 27. "Absent standing, a party has no right to seek relief in a court of law." *S. Christian Leadership Conf. v. Combined Health Dist.*, 2d Dist. Montgomery No. 23586, 2010-Ohio-6550, ¶ 16, citing *Cuyahoga Cty. Bd. of Commrs. v. State,* 112 Ohio St.3d 59, 2006-Ohio-6499, 858 N.E.2d 330, ¶ 22 ("[a] preliminary inquiry in all legal claims is the issue of standing"). The rule of standing concerns the legal capacity of a party to seek relief for a claim in a court of law. *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 77, 701 N.E.2d 1002 (1998). Standing is defined at its most basic as "[a] party's right to make a legal claim or seek judicial enforcement of a duty or right." *Ohio Pyro, Inc.* at ¶ 27, quoting *Black's Law Dictionary* 1442 (8th Ed.2004). The rule is premised on the idea that "one having no right or interest to protect ordinarily may not invoke the jurisdiction of a court." (Citation omitted.) *State ex rel. Dallman v. Ct. of Common Pleas, Franklin Cty.*, 35 Ohio St.2d 176, 178, 298 N.E.2d 515 (1973). A party must have "some real interest in the subject matter of the action." *Id.* at 179. "Standing in a declaratory judgment action is determined the same way as in any other action." *Cool* at ¶ 22, citing *Wurdlow v. Turvy,* 10th Dist. Franklin No. 12AP-25, 2012-Ohio-4378, ¶ 14.

{¶ 25} At the pleading stage, a party establishes standing by alleging enough general facts to show that injury resulted from the defendant's conduct, because when deciding a motion to dismiss, a court will presume "that general allegations embrace those specific facts that are necessary to support a claim." *Bourke v. Carnahan*, 10th Dist. Franklin No. 05AP-194, 2005-Ohio-5422, ¶ 10, citing *Lujan v. Defenders of Wildlife*, 504

U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). "To succeed in establishing standing, plaintiffs must show that they suffered (1) an injury that is (2) fairly traceable to the defendant's allegedly unlawful conduct, and (3) likely to be redressed by the requested relief." *Moore v. Middletown*, 133 Ohio St.3d 55, 2012-Ohio-3897, 975 N.E.2d 977, ¶ 22, citing *Lujan* at 560-561. "It is well settled that standing does not depend on the merits of the plaintiff's contention that particular conduct is illegal or unconstitutional. Rather, standing turns on the nature and source of the claim asserted by the plaintiffs." (Citation omitted.) *Moore* at ¶ 23. "Whether a party has established standing to bring an action before the court is a question of law, which we review de novo." *Moore at* ¶ 20.

{¶ 26} A lack of standing may be challenged in a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Cool* at ¶ 25, citing *Cronin v. Governor of Ohio*, 8th Dist. Cuyahoga No. 110802, 2022-Ohio-829, ¶ 11; *see Wilkins v. Village of Harrisburg*, 10th Dist. Franklin No. 14AP-1028, 2015-Ohio-5472, ¶ 38; *Brown v. Columbus City Schools Bd. of Edn.*, 10th Dist. No. Franklin 08AP-1067, 2009-Ohio-3230, ¶ 4 (a trial court may properly dismiss a matter for failure to state a claim upon which relief can be granted for lack of standing under Civ.R. 12(B)(6)); *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 23 (lack of standing is a fundamental flaw requiring dismissal).

{¶ 27} When reviewing a trial court's judgment granting a Civ.R. 12(B)(6) motion to dismiss, an appellate court must independently examine the complaint to determine whether the dismissal was appropriate. *Boyd v. Archdiocese of Cincinnati*, 2d Dist. Montgomery No. 25950, 2015-Ohio-1394, ¶ 13. The appellate court is not required to

defer to the trial court's decision to grant dismissal but reviews the motion to dismiss de novo. *Duer v. Henderson*, 2d Dist. Miami No. 2009-CA-15, 2009-Ohio-6815, ¶ 68.

{¶ 28} It is not correct that the test for standing in a declaratory judgment action "is whether a justiciable issue exists as opposed to alleging an injury. *Cool* at ¶ 26. "Although a declaratory judgment action generally precedes an actual injury, 'a plaintiff must nonetheless demonstrate "actual present harm or a significant possibility of future harm to justify pre-enforcement relief." ' " *Id.*, citing *Ohioans for Concealed Carry*, 164 Ohio St.3d 291, 2020-Ohio-6724, 172 N.E.3d 935, at ¶ 32, quoting *Peoples Rights Org., Inc. v. Columbus*, 152 F.3d 522, 527 (6th Cir.1998). "An injury is required for common law standing, and the lack of standing precludes any consideration of a justiciable issue." *Id.* "A matter is justiciable only if the complaining party has standing to sue." *Id.*, citing *Ohioans for Concealed Carry v. City of Columbus*, 2019-Ohio-3105, 140 N.E.3d 1215, ¶ 11 (10th Dist.). "A trial court properly dismisses a declaratory judgment action when no real controversy or justiciable issue exists between the parties." *Cool* at ¶ 34, quoting *Garb-Ko, Inc. v. Benderson*, 10th Dist. Franklin Nos. 12AP-430, 12AP-476, 12AP-474, 12AP-475, 2013-Ohio-1249, ¶ 38.

{¶ 29} Additionally, in a declaratory judgment action, "only those persons who are legally affected are proper parties" to the lawsuit. *Cool* at ¶ 32, citing *M6 Motors, Inc.* at ¶ 33, quoting *Driscoll v. Austintown Assocs.*, 42 Ohio St.2d 263, 273, 328 N.E.2d 395 (1975). "A party is legally affected by a cause of action if the party has a legal interest in rights that are the subject matter of the cause of action." *Id.*, citing *Rumpke Sanitary Landfill v. State*, 128 Ohio St.3d 41, 2010-Ohio-6037, 941 N.E.2d 1161, ¶ 14. A legal

interest is "an interest recognized by law" and is "legally protectable." *Id.* A person may have a practical interest in a subject matter for a variety of reasons, but "a person's practical interest in the outcome of a legal dispute does not necessarily require his or her inclusion in a declaratory judgment action." *Id.*, citing *Ma v. Cincinnati Children's Hosp. Med. Ctr.*, 1st Dist. Hamilton No. C-180610, 2020-Ohio-1471, ¶ 36. The "legally protectable interest" standard applies to a determination whether a party is necessary in a declaratory judgment action or must be joined pursuant to Civ.R. 19(A). *Id.*, citing *Gonzalez v. Graves*, 6th Dist. Ottawa No. OT-14-023, 2015-Ohio-1791, ¶ 23.

{¶ 30} In granting Secretary LaRose's motion to dismiss, the FCCCP stated that Logan had failed to establish standing, as Logan had failed to allege an injury that was fairly traceable to any conduct of Secretary LaRose and Logan had not alleged any act or omission on behalf of Secretary LaRose that resulted in Logan's termination. The FCCCP also pointed out that there had been no allegations of a disagreement among the Board members or that any tie or disagreement had been submitted to Secretary LaRose for a final decision, which would have suggested the possibility that a real controversy existed between Logan and Secretary LaRose.

{¶ 31} Additionally, the FCCCP found that Secretary LaRose did not have a legally protectable interest in the matter. According to the FCCCP, this case arose out of Logan's termination and, thus, it was unclear what legal interest Secretary LaRose had. The FCCCP reasoned that, while Secretary LaRose's election directives were cited and allegedly violated by the Champaign County Defendants, the directives themselves had not been challenged. The FCCCP found that, if Secretary LaRose had an interest in the

case, it was only a practical interest not requiring joinder. The FCCCP further concluded that there was no justiciable controversy between Logan and Secretary LaRose, as there were no allegations in the complaint relating to a genuine dispute between Secretary LaRose and Logan that demonstrated adverse legal interests. We agree with the FCCCP.

{¶ 32} In the instant matter, Logan sought a declaratory judgment, reinstatement of her employment to her previous position, and back pay with benefits and attorney's fees. While Logan's complaint was styled as one for declaratory judgment, the crux of Logan's complaint was that she had been wrongfully terminated after the Champaign County Defendants allegedly did not follow Secretary LaRose's directives in conducting election procedures and then fired Logan after she reported her concerns regarding those violations to Secretary LaRose. The basis for Logan's joining of Secretary LaRose was her assertion that Secretary LaRose had an interest in the outcome of this matter, as he had provided the election directives that the Champaign County Defendants supposedly failed to follow.

{¶ 33} In his motion to dismiss, Secretary LaRose essentially asserted that he had no legal interest in this matter, that no controversy existed between Logan and him, and thus that he was not a necessary party. Logan did not allege in her complaint that a controversy existed between Secretary LaRose and her, that Secretary LaRose had taken a position adverse to her, or that Secretary LaRose and Logan had competing legal interests. Logan did not allege any facts to support a need for speedy relief from a real justiciable controversy against Secretary LaRose. Logan also did not allege any harm or injury that was fairly traceable to any conduct of Secretary LaRose. In the absence of a

claim or controversy, dismissal of a declaratory action under Civ.R. 12(B)(6) was proper.

{¶ 34} We agree with the FCCCP that Logan did not allege any act or omission on behalf of Secretary LaRose that caused her termination. The lack of injury suffered by Logan due to any action by Secretary LaRose foreclosed any form of relief in a declaratory judgment action against LaRose. We also agree with the FCCCP that Logan did not have a legal interest adverse to Secretary LaRose and that Logan failed to allege an injury that was fairly traceable to any conduct of Secretary LaRose. As a result, Logan did not establish a real justiciable controversy and had no standing to bring a declaratory judgment action against Secretary LaRose. Logan's lack of standing and failure to state a claim against Secretary LaRose precluded any analysis on the merits of Logan's declaratory judgment action against Secretary LaRose and, thus, dismissal of Secretary LaRose was proper.

{¶ 35} We conclude that the trial court did not err in dismissing Logan's declaratory judgment action against Secretary LaRose, and, thus, Logan's second assignment of error is overruled.

### First Assignment of Error

{¶ 36} In the FCCCP, the Champaign County Defendants filed their motion to dismiss pursuant to Civ.R. 12(B)(1), (2), (3) and (6), specifically seeking to transfer the matter to Champaign County as the proper venue by arguing that Secretary LaRose was not a proper party. After the change in venue from the FCCCP to the CCCCP, the Champaign County Defendants filed a second Civ.R. 12(B)(6) motion to dismiss Logan's action against them. In response, Logan filed a motion to strike the second motion to

dismiss, arguing that the Champaign County Defendants were not permitted to file a second Civ.R. 12(B) motion to dismiss since they had already filed a motion to dismiss in the FCCCP. Logan contended that the Champaign County Defendants had been required, under Civ.R. 12(G), to include all defenses and objections available to them in their initial motion to dismiss filed in the FCCCP, and by not doing so, they had waived them under Civ.R. 12(H).

{¶ 37} The CCCCP overruled Logan's motion to strike and ultimately granted the Champaign County Defendants' Civ.R. 12(B)(6) motion to dismiss; it concluded that Logan had failed to demonstrate that successive Civ.R. 12(B) motions were prohibited under the Civil Rules and found that the Champaign County Defendants had been permitted to file a second motion to dismiss under Civ.R. 12(B)(6).

{¶ 38} With respect to her first assignment of error, Logan makes several arguments. First, she contends that the trial court erred in ignoring Civ.R. 12(G) by allowing the Champaign County Defendants to file more than one Civ.R. 12(B) motion. Specifically, Logan argues that the Champaign County Defendants filed a Civ.R. 12(B) motion in the FCCCP, wherein they were required to consolidate all their defenses and objections under Civ.R. 12(G) but failed to do so. Logan contends that, because the Champaign County Defendants did not consolidate all their defenses and objections in their motion before the FCCCP, they waived raising the defenses and objections in their successive Civ.R. 12(B)(6) motion filed in the CCCCP after the change in venue.

{¶ 39} Civ.R. 12(B) must be read in conjunction with Civ.R. 12(G) and (H). *Maryhew v. Yova*, 11 Ohio St.3d 154, 157, 464 N.E.2d 538 (1984). "Civ.R. 12(G) and (H),

in general, prohibit the filing of successive motions under Civ.R. 12(B)." *Crestmont Cleveland Partnership v. Ohio Dept. of Health*, 139 Ohio App.3d 928, 934, 746 N.E.2d 222 (2000). It is on the basis of this rule that Logan argues that the CCCCP erred in granting the Champaign County Defendants' 12(B)(6) motion to dismiss. We agree.

**{¶ 40}** Civ.R. 12(G) requires consolidation of defenses and objections and provides, in pertinent part, that "[a] party who makes a motion under this rule must join with it the other motions herein provided for and then available to him. * * * If a party makes a motion under this rule and *does not include therein all defenses and objections then available to him which this rule permits to be raised by motion, he shall not thereafter assert by motion or responsive pleading, any of the defenses or objections so omitted, except as provided in subdivision (H) of this rule.*" (Emphasis added.)

**{¶ 41}** Civ.R. 12(H) governs waiver of defenses and objections and provides:

(1) A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (a) if omitted from a motion in the circumstances described in subdivision (G), or (b) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(A) to be made as a matter of course.

(2) *A defense of failure to state a claim upon which relief can be granted*, a defense of failure to join a party indispensable under Rule 19, and an objection of failure to state a legal defense to a claim *may be made in any pleading permitted or ordered under Rule 7(A), or by motion for judgment*

*on the pleadings, or at the trial on the merits.*

(3) Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction on the subject matter, the court shall dismiss the action.

**{¶ 42}** Accordingly, Civ.R. 12(G) states that a party may not later assert by successive motion or responsive pleading any of the defenses set forth in Civ.R. 12(B) if the party did not include those defenses available to the party in its initial motion. However, Civ.R. 12(H)(2) provides a limited exception to the Civ.R. 12(G) rule with respect to the defense of failure to state a claim by providing that a defense of failure to state a claim upon which relief can be granted may be made in any pleading permitted or ordered under Rule 7(A), by motion for judgment on the pleadings, or at the trial on the merits.

**{¶ 43}** In this case, the Champaign County Defendants opted to file a pre-answer motion under Civ.R. 12(B)(1), (2), (3), and (6) in response to Logan's complaint in the FCCCP; it sought a change of venue pursuant to an improper venue defense under Civ.R. 12(B)(3) and broadly sought to have Secretary LaRose dismissed from this matter. The motion to transfer venue was granted by the FCCCP and the remaining issues raised by the Champaign County Defendants in their pre-answer motion were rendered moot, as Secretary LaRose's separate Civ.R. 12(B)(6) motion to dismiss was granted. This matter was then transferred to the CCCCP, where, before filing their answer, the Champaign County Defendants filed a second Civ.R. 12(B) motion, this time asserting the defense that Logan had failed to state a claim against them.

{¶ 44} We understand that the Champaign County Defendants' failure to state a claim defense was available to them when they filed their first Civ.R. 12(B) motion in the FCCCP and thus could have been raised in their first motion. Therefore, Civ.R. 12(G)'s requirement of the consolidation of defenses applied, and, unless the Champaign County Defendants could avail themselves of an exception as set forth in Civ.R. 12(H), their successive Civ.R. 12(B) motion was improper.

{¶ 45} There are two relevant exceptions to Civ.R. 12(G), but neither applied here. First, a party may, after filing one Civ.R. 12 motion, file a Civ.R. 12(C) motion for judgment on the pleadings to raise the defense of failure to state a claim upon which relief can be granted. Civ.R. 12(H)(2). However, a motion for judgment on the pleadings is only available after the pleadings are closed. Civ.R. 12(C). Here, the pleadings were not yet closed, and, thus, the first exception did not apply. Second, even if a party has already filed a Civ.R. 12 motion, the party may, at any time, file an additional Civ.R. 12(B) motion but only to assert the defense of lack of subject matter jurisdiction. Civ.R. 12(H)(3). Since neither of these exceptions applied, a successive Civ.R. 12(B) motion to dismiss was not permitted here pursuant to Civ.R. 12(G) and (H), and we conclude that the CCCCP erred when it granted the Champaign County Defendants' successive Civ.R. 12(B) motion to dismiss. Logan's first assignment of error is sustained, and we need not address her remaining arguments.

{¶ 46} We note that the Champaign County Defendants have not waived their right to raise their defense of failure to state a claim, but, rather, they have only forfeited their opportunity to raise that defense in the context of a successive Civ.R. 12 motion other

than one for judgment on the pleadings. Together, Civ.R. 12(G) and (H) indicate that a party that files a Civ.R. 12 motion without raising a defense of failure to state a claim gives up its opportunity to raise that defense prior to the closing of the pleadings, but retains the right to present the defense later in a pleading, a Civ.R. 12(C) motion for judgment on the pleadings, or at trial. Civ.R. 12(H)(2).

### III.     Conclusion

**{¶ 47}** Having sustained Logan's first assignment of error, the judgment of the CCCCP with respect to the Champaign County Defendant's successive Civ.R. 12(B)(6) motion is reversed, and the matter is remanded for further proceedings.

. . . . . . . . . . . . .


WELBAUM, P.J. and LEWIS, J., concur.